Edward H. Wilson et al., Plffs. in Err., *v*. Lewis F. Hilliard.

The appearance of counsel regularly employed to defend, in an action commenced against nonresident defendants, gives the court jurisdiction of such defendants, and it is not lost by the subsequent withdrawal of the appearance of the counsel after issue joined and several continuances of the cause.

(Decided February 8, 1886.)

Error to the Common Pleas, No. 2, of Philadelphia County to review a judgment entered for want of a sufficient affidavit of defense. Affirmed.

This was an action brought on a record of a judgment obtained by Lewis F. Hilliard against Edward H. Lewis et al., in the district court of Summit county, Colorado. The defendants filed the following affidavit of defense:

Edward H. Wilson, being duly affirmed according to law, deposes, and says: That he is a member of the firm of E. H. Wilson & Company named above as one of the defendants, and that said firm and all of said defendants have a just and full defense to the whole of the claim of the above plaintiff, Lewis F. Hilliard, of the following nature and character, to wit:

That, some time in the early part of the year 1881, the defendants became engaged in the business of silver mining, their operations to be carried on in the state of Colorado.

That said plaintiff, some time in April, 1881, was sent to Colorado by defendants, and there employed by defendants by the week, at a weekly salary of $25; afterwards, in July, 1881, increased to $50 per week, to look after the property of defendants in Colorado.

That this employment continued until about October 7, 1881, when plaintiff's employment by defendants was terminated, after due notice to plaintiff, and his salary and expenses, amounting to more than $500, were paid to him, the same being in full

NOTE.—In an action on a foreign judgment where the record does not show a service of process on the defendant, the defendant may show that an attorney who had appeared for him was not authorized; but every presumption is in favor of the jurisdiction of the court. Home Friendly Soc. v. Tyler, 2 Pa. Dist. R. 693, 12 Pa. Co. Ct. 623.

As to effect of unauthorized appearance by attorney, upon the validity of the judgment rendered, see editorial note to Williams v. Johnson, 21 L. R. A. 848.

to the date of the termination of the employment; and, in addition to this, the sum of $100 was sent by defendants to plaintiff to pay his expenses and fare on his return to Philadelphia; and that said plaintiff was not employed by defendants at any time thereafter in their said business; that defendants have paid, for expenses of plaintiff and for work done, various sums, amounting in all to over $11,000.

That the copy filed in the above case appears to be a copy of a record of the district court in and for the county of Summit, state of Colorado, showing that a suit was brought in said court by said Lewis F. Hilliard against the above defendants on June 30, 1883, and that judgment was entered against them in the sum of $1,373.75, on October 9, 1884.

That at the time said suit was brought none of the defendants were residents of the state of Colorado, nor have they been since; nor were any of them within the jurisdiction of the said district court for the county of Summit, state of Colorado, when suit was commenced, or judgment entered, or during the pendency of said suit; nor was any process issued by said court ever served personally on any of the defendants, so that the said court which rendered the judgment had not jurisdiction of the controversy, and the defendants were not amenable to its process nor subject to its jurisdiction, the said process in said case having been served, as appears from copy filed, by publication in a newspaper published in the county of Summit, state of Colorado.

That, while Messrs. Breeze & Breeze, attorneys at law, of Breckenridge, Summit county, Colorado, appeared in said cause for defendants, the said court in the said county of Summit, as appears by the copy filed, did on October 6, 1884, allow the said Breeze & Breeze to withdraw their appearance as counsel for defendants, without any notice whatever to defendants, and without any objection on the part of counsel for plaintiff; which action of the court placed the said defendants without the jurisdiction of the court, and made them not amenable to its process, or in the same position as if an appearance had never been entered for defendants.

The record does not show that any notice of the withdrawal of Breeze & Breeze was given to defendants.

That said case came on for trial by peremptory order of court October 9, 1884, three days after the said Breeze & Breeze were

allowed by the court to withdraw their appearance without notice.

That, on the trial of said cause, one M. B. Carpenter appeared as counsel for defendants.

That defendants do not know said M. B. Carpenter, nor was he ever authorized or empowered by defendants or any of them to appear for them in the above matter, so that at the time the judgment was entered against defendants they were not properly within the jurisdiction of the court entering the judgment, or amenable to its process; nor were they represented by any counsel with any authority to place defendants within the jurisdiction of said court, or to render them amenable to its process.

Defendants are informed that, under such a state of facts, the copy filed is not such a copy as will entitle plaintiff to judgment, for want of an affidavit of defense.

That there was property of defendants in the state of Colorado worth some $2,000, from which said plaintiff may have realized the amount of his judgment, and for which said plaintiff has never accounted to defendants.

All of which facts said defendants are informed and believe to be true, and expect to be able to prove on the trial of this cause.

The court entered judgment against defendants for want of a sufficient affidavit of defense; and they have brought error.

*Bernard Gilpin, C. B. D. Richardson,* and *Hood Gilpin,* for plaintiffs in error.—For the purposes of this case it must be assumed that all the material averments contained in the affidavit of defense are true (Knerr v. Bradley, 16 W. N. C. 72), and the question is: Are not sufficient facts averred in the affidavit of defense, which, if true, would, under the law of this commonwealth, entitle plaintiffs in error to judgment in their favor?

The suit in the court below was brought on a record of a judgment obtained in the district court of the county of Summit, state of Colorado, which record was certified under the act of Congress.

The only defenses that the defendants below could make in such an action are: That the court which rendered the judgment had not jurisdiction of the controversy, or that defendants were not amenable to its process or subject to its jurisdiction. "Beyond this they can show nothing, except a subsequent and

lawful discharge of their liability." Johnson v. Dobbins, 12 Phila. 518.

Where suit is brought on a record which shows that service was not made on the defendant, but which shows also that an appearance was entered for him by an attorney of the court, it is not allowable, under a plea of *nul tiel record* only, to prove that the attorney had no authority to appear.

Presumptively, an attorney of a court of record who appears for a party has authority to appear for him, and, although the party for whom he has appeared, when sued on a record on which judgment has been entered against him on such attorney's appearance, may prove that the attorney had no authority to appear, yet he can do this only on a special plea or on such plea as, under systems which do not follow the common-law system of pleading, is the equivalent of a special plea. Hill v. Mendenhall, 21 Wall. 453, 22 L. ed. 616.

Where a foreign judgment is sued on or is set up in bar, the party supposed to be bound by it may aver and prove, even in contradiction of the record, any jurisdictional fact appearing therein, as, that he was not a resident within the territorial jurisdiction of the court rendering it; that he was not personally served with process within that jurisdiction; and that the attorney who appears for him had no authority to do so. Graham v. Spencer, 14 Fed. 603.

The record of a judgment rendered in another state may be contradicted as to the facts necessary to give the court jurisdiction; and, if it be shown that such facts did not exist, the record will be a nullity, notwithstanding it may recite that they did exist. Thompson v. Whitman, 18 Wall. 457, 21 L. ed. 897.

In an action on a judgment rendered in another state, the defendant, notwithstanding the record shows a return of the sheriff that he was personally served with process, may show the contrary, namely: That he was not served, and that the court never acquired jurisdiction of his person. Knowles v. Logansport Gaslight & Coke Co. 19 Wall. 58, 59, 22 L. ed. 70.

On the effect of the withdrawal of appearance the supreme court of this commonwealth said, in the case of Michew v. M'Coy, 3 Watts & S. 501, among other things, that, if an attorney appear for defendant, and plead to issue, and afterwards the appearance be withdrawn by leave of the court and without objection on the part of plaintiff or his counsel, the case stands

as if there had been no appearance. This case of Michew v. M'Coy is precisely similar to the case before the court; it was an action of ejectment in which, in the court below, James Michew, Neal Connor, and Dennis Rodey were defendants. The sheriff returned the writ, "Made known the contents of writ by copies to James Michew, etc., and *nihil* as to Neal Connor and Dennis Rodey." Appearance and plea were entered for all three defendants, both of which were withdrawn by consent of the court. After this, judgment was instantly entered against the three defendants for the premises laid in the summons.

The supreme court said: "It follows not that the client is defenseless because his counsel may have been permitted to retire from his cause, and it might be matter of grave surprise to him, as it seems to have been to these defendants, to find his defense precluded by it. . . . If the plaintiff has been delayed in this instance it has been his own fault, for it is not to be believed that the court would have suffered the appearance to be retracted against his consent."

The judgment is good in every respect in Colorado, but it is not one which, under the laws of this commonwealth, can be enforced here, as our courts do not recognize any service outside of the jurisdiction of a court by advertising in newspapers.

*Thos. B. Reeves* and *J. M. Moyer,* for defendant in error.—
The judgments of other states are considered as domestic judgments, and conclusive in all cases where they had jurisdiction of the cause of action, and of the parties. In Pennsylvania we consider the question settled so decidedly by repeated adjudications as to be no longer open to discussion. Baxley v. Linah, 16 Pa. 249, 55 Am. Dec. 494; Benton v. Burgot, 10 Serg. & R. 242.

In Blyler v. Kline, 64 Pa. 130, it is said: "In foreign attachment in Pennsylvania, a judgment recovered where the defendant contests the claim has the same effect as if the suit had been commenced by summons."

Jurisdiction means the authority by which judicial officers take cognizance of and decide cases; power to hear and determine a cause. Bouvier, Law Dict. 769.

Jurisdiction must be either of the cause, which is acquired by exercising power conferred by law over property within the territorial limits of the sovereignty; or of the person, which is ac-

quired by actual service of process or personal appearance of the defendant.    Id. 770.

Appearance signifies a coming into court as party to a suit whether as plaintiff or defendant, and is the formal proceeding by which a defendant submits himself to the jurisdiction of the court.    Appearance anciently meant an actual coming into court, either in person or by attorney.    It is so used both in the civil and common law.    It is indicated by the word "comes," "and the said C. D. comes and defends," and in modern practice is accomplished by the entry of the name of the attorney of the party in the proper place on the record.    Id. 128.

A defendant appearing generally waives his rights to a defect in the service of process or in the return.    17 Vt. 531; 8 Shep. 38; 6 Miss. 50; 2 Scam. 462; 14 Minn. 16; 43 Ala. 688; 3 Lans. 283; 2 Pike, 26; 26 Ind. 503; 1 Hemphill, 216; 35 Ill. 53; 13 Wr. 21; 3 Grant, 81; 16 Sm. 266.

Suit was commenced by attachment and property seized, but no such service was made as to give the court jurisdiction over the person of the defendant.    The defendant appeared generally and demanded trial.    Held, that such appearance was a waiver of service of process, and that the defendant thereby subjected himself to the jurisdiction.    2 Mich. 164; 7 Allen (Mass.) 151; 42 Colo. 439; 29 Eng. Law & Eq. 415.

A defendant who has voluntarily appeared and answered cannot object to the want of jurisdiction in the court, on the ground of his nonresidence.    Shields v. Thomas, 18 How. 253, 15 L. ed. 368; 37 Me. 21; 4 Duer, 603; 15 Ind. 197; 1 Minn. 192; 1 Mann. 56; 24 Miss. 185.

Appearance to a suit is appearance to the summons as well as to the writ of attachment, and after general appearance the defendant cannot object to the manner of service.    Except the appearance be special to the attachment suit, where notice is mailed through the postoffice, an appearance by the defendant waives objection to the process.    9 Wis. 548.

If suit is brought in one state on a judgment recovered in another, and the record of the judgment shows that the defendant appeared in the former suit by attorney, a strong presumption is raised that such defendant did so appear, and the transcript of such record is admissible as evidence of such fact.    26 Ark. 17.

While a defendant may restrict his appearance, and thereby

exempt himself from any effect beyond such limitation, his appearance will be considered general unless the contrary appear. 4 Green, 439–441; 1 Morris, 403; 33 Ill. 518.

Putting in an answer is appearance, and waives the issue of a summons. 21 Cal. 51.

An application for a continuance is an appearance. 4 Green, *supra.*

A defendant who has entered an appearance and moved for a continuance cannot afterward plead to the jurisdiction. 28 Ill. 79.

The filing of an affidavit by the defendant, controverting the ground on which an attachment issued, and praying for a discharge thereof, is an appearance to the action. 4 Met. 118.

If the defendants appear in court for any purpose in the case, such appearance is equivalent to service, and is liable to judgment as a defendant served. 1 Or. 341.

In the case of Dubois v. Glaub, 52 Pa. 242, when it was called for trial the counsel for defendants withdrew their appearance and plea; judgment was taken by default. In commenting on the case of Michew v. M'Coy, the court at p. 242 says: "The case of Michew v. M'Coy, relied upon by the defendants, has no bearing on this case. That was an action of ejectment, the statutory provisions in regard to which are unlike those enacted for personal actions. . . . If Mr. Chapin withdrew their former appearance and plea without authority, they [the defendants] may possibly have recourse to him. To us, the withdrawal of the appearance and plea appears to have been a device to postpone a trial." See Henck v. Todhunter, 7 Harr. & J. 275, 16 Am. Dec. 300; Eldred v. Michigan Ins. Bank, 17 Wall. 545, 21 L. ed. 685; Creighton v. Kerr, 20 Wall. 8, 22 L. ed. 309.

Everything will be intended in favor of the judgment of that court, and it must be taken to have judged rightly, unless the contrary appears. Willes, 416; 8 Term, 181, 182.

PER CURIAM:

In the suit brought against the plaintiffs in error in Colorado, they employed counsel to defend it. In pursuance of that employment the counsel entered an appearance. This gave the court jurisdiction of the person of the defendants in that suit, with like effect as if they had been personally served. Jurisdiction having thus been duly obtained, it was not lost by the with-

drawal of the appearance of the counsel, after issue joined and several continuances of the cause. Conceding that the counsel who afterwards appeared did it without any authority, yet it did not invalidate the previous action of counsel who were duly employed. The withdrawal of appearance by the attorneys did not put the party for whom they appeared out of court. It follows that the judgment afterwards duly recovered cannot be impeached by the facts averred in the affidavit of defense.

Judgment affirmed.