BOHNHOFF v. KENNEDY et al. (two cases).

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

1. APPEARANCE (§ 24*)—OBJECTIONS TO SUMMONS—WAIVER.
     Where a general notice of appearance has been given and not with-
drawn, defendant cannot ask that the service of summons be set aside as
defective.
     [Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 118–143;
Dec. Dig. § 24.*]

2. APPEARANCE (§ 27*)—WITHDRAWAL.
     Where notice of appearance was served on the assumption that the
summons was regular, and thereby plaintiff's attorneys were lulled into a
feeling of security, defendant should not be allowed to withdraw such
appearance to enable him to plead the statute of limitations, which was
not available at the time of appearance.
     [Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 160, 161; Dec.
Dig. § 27.*]

3. APPEAL AND ERROR (§ 1036*)—BRINGING IN NEW PARTIES—TIME.
     Where a new party brought in by supplemental summons has not been
prejudiced by such proceeding instead of being sued in a separate action,
he cannot complain of plaintiff's delay in moving to bring him in.
     [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1036.*]

Appeal from Special Term, Kings County.

Actions by August Bohnhoff against William Kennedy and another.
From an order setting aside the service of a supplemental summons,
and a further order permitting defendant to withdraw his notice of
appearance, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and
MILLER, JJ.

Henry M. Dater (George F. Elliott, on the brief), for appellant.
Charles E. Thorn, for respondents.

MILLER, J. This is a suit to recover for personal injuries. The
cause of action arose June 9, 1905. The action was originally com-
menced on the 27th day of June, 1905, against the defendant Kennedy.
On the 21st day of March, 1908, an order was made bringing in the
defendant Fischer, and permitting the plaintiff to serve a supplemental
summons and an amended complaint. A summons was served on
said defendant on the 29th day of April, 1908. The paper served bore
on its face, opposite the title, the words "Supplemental Summons,"
and those words were indorsed on the back, but in the body of the sum-
mons the defendant was required to answer the "complaint," instead
of the "amended complaint." On the 13th day of May, 1908, said de-
fendant, by his attorney, served upon the plaintiff's attorney a notice
of appearance. On June 29th a motion was made by said defendant to
set aside the service of the supplemental summons upon the ground
that it did not comply with the order granting leave to serve it and
with the provisions of the Code of Civil Procedure, and on the 2d day
of July, 1908, in order that he might not be embarrassed on said mo-
tion by his notice of appearance, the defendant obtained an order to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

show cause why he should not be permitted to withdraw it. Said motions came on to be heard at the same time, and both were granted.

So long as the notice of appearance stood, the defendant was in no position to ask that the service of the supplemental summons be set aside, and the first question to be determined on this appeal, therefore, is whether the court wisely exercised its discretion in allowing said defendant to withdraw the notice of appearance. The learned counsel for the respondent states in his affidavit that he would not have served a general notice of appearance had he known the facts of the case and the circumstances under which his client was brought in as a party defendant. While it is true that the supplemental summons is not in the form required by the Code of Civil Procedure, in that it required the defendant to answer the "complaint," it bore upon its face evidence that it was intended to be a supplemental summons. Ordinarily the court will relieve from the consequences of a mistake, particularly where no serious prejudice can result thereby to the other party. Had no notice of appearance been served, the attorneys for the plaintiff might have learned of the mistake in the supplemental summons before the statute of limitations had run against the cause of action, but with a general appearance on behalf of the defendant they could safely assume that they had properly made him a party. The effect of granting the motion was to dismiss the plaintiff's complaint, and we do not think the court should allow a notice of appearance to be withdrawn when that will be the result.

While the supplemental summons did not comply either with the order pursuant to which it was served or with the requirements of the Code of Civil Procedure, we do not see that the respondent was prejudiced thereby. Had the paper served been examined with care by the attorney when it was delivered to him, the defect would have been discovered. It is evident that the notice of appearance was served on the assumption that the supplemental summons was regular, but thereby the plaintiff's attorneys were lulled into a feeling of security, and we do not think that a party should be allowed to withdraw a general appearance for the purpose of enabling him to plead the statute of limitations, especially when that defense was not available at the time the notice of appearance was served.

Complaint is made by the respondent because of the plaintiff's delay in moving to bring him in. The statute prescribes the time within which an action may be brought, and we are unable to perceive that the respondent has been prejudiced by being joined as a party defendant in an action already begun, instead of being sued in a separate action.

The orders should be reversed, and the motions denied.

Orders reversed with $10 costs and disbursements in each case, and motions denied, with costs. All concur.