## Helms et al. v. Kuebler et al.

*Haas & Scoblionko*, for petitioners.
*Mauch & Goodman*, for respondents.

LAUB, J., October 6, 1941.—This comes before us on a rule to show cause why the appearance of Robert E. Haas and E. G. Scoblionko, as attorneys for plaintiff in the instant case, should not be withdrawn. Plaintiff filed an answer to the rule and appeared in person in court at the time of the taking of depositions on September 29, 1941. These depositions were heard by us in open court because the matter involved attorneys and their conduct of the case, and because the hearing judge was of the opinion that the withdrawal of an appearance by counsel after suit was instituted should be closely scrutinized because of the confidential relationship that exists between attorney and client.

This case was begun on January 23, 1940. The notice to defendants to file an affidavit of defense is not signed

by any member of the bar of this court, but is signed by plaintiff individually, or, it is sometimes called, "per se". In the spring of 1940 this case was listed for trial on the trial lists of the spring courts, but was continued, as we recall it, by a letter addressed by plaintiff individually to the president judge of said court.

At the time the October 1940 trial list was called the present petitioners entered their appearance verbally before the full court, and their appearance for plaintiff was noted on the president judge's trial docket. Petitioners never entered an appearance for plaintiff by præcipe. Neither did they sign any pleadings as his attorneys, which were filed of record in the prothonotary's office in the instant case.

It appears from the depositions that one of the present petitioners, Mr. Scoblionko, prepared the statement of claim in the instant case, but for reasons which do not appear in the record he did not sign his name to the notice addressed to defendants on the outside of the statement of claim. There was an interval of some weeks, possibly a few months, before the several judges of said court knew the names of the attorney or attorneys who appeared for plaintiff.

The amount of damages laid in the statement of claim was considerable, and due to the standing of the various attorneys in this county, such attorneys being made defendants in the instant case, a great deal of prominence had been given this case in the newspapers and in discussion amongst those frequenting the court rooms.

The answer to the rule in the instant case does not show that it was prepared by any admitted member of the bar, as is customarily done by the use of brief backs of counsel on the pleadings and tacked together, but nevertheless at the time of the taking of depositions R. C. Mauch, Esq., a member of the law firm of Mauch & Goodman, appeared specially with our permission for the purpose of protecting respondent's rights for

the taking of depositions. From this peculiar state of the record we were first inclined to refer this matter to our Board of Benchers to see whether any unprofessional conduct was involved in the instant matter, but we have held the matter in abeyance for the present.

The depositions show that no retaining fee has been paid petitioners, but that they are serving as attorneys for plaintiff under a contingent fee contract as is evidenced by exhibits offered in evidence. The depositions showed that in all respects, excepting in one instance, plaintiff has followed the advice of counsel, the present petitioners, and has permitted voluntary nonsuits to be entered against all the defendants excepting two, to wit: A. Albert Gross and the estate of Asher Seip, deceased, the said decedent having been a very able and prominent lawyer practicing in said court up to and shortly before his death. It is shown by the exhibits petitioners advised plaintiff to permit them to have a voluntary nonsuit entered against A. Albert Gross, Esq., and let the suit proceed against the estate of Asher Seip, deceased, as the sole defendant. To this suggestion, or advice as it might be called, given plaintiff by petitioners, plaintiff refused to accede, contending in a letter marked as an exhibit, and also on the witness stand, that to permit the entry of a voluntary nonsuit against defendant Gross "would be suicidal". In all other respects he appears to have followed the advice of the present petitioners.

Plaintiff states in his answer to the rule and so testified that he is perfectly willing to have the present petitioners remain as his attorneys.

The relation of an attorney to his client is one of the greatest confidence. After an attorney enters an appearance for a party to an action, such appearance cannot lightly be withdrawn. The general rule is set forth in the following citation:

"An attorney may, for lawful cause and on reasonable notice, withdraw from a suit at any stage in the

proceedings. What is a sufficient cause to justify an attorney in abandoning a case in which he has been retained has not been laid down by any general rule, and in the nature of things cannot be; it must depend upon the peculiar facts of each case. Any conduct on the part of the client, during the progress of the litigation, which tends to degrade or humiliate the attorney, lower the standard of professional ethics, or destroy the reciprocal confidence required between attorney and client furnishes sufficient cause for abandonment of the employment. Thus an attorney is justified in withdrawing while the suit is pending if his client insists on employing associate counsel with whom he cannot cordially coöperate and with whom he objects to having personal or professional relations. So he may refuse to proceed with the case, unless his proper fees are paid to him or secured, when the client fails to provide for them after being requested to do so. But he is not justified in withdrawing from a case by the client's refusal to accept the attorney's advice to compromise, or because his client refuses to pay some demand pertaining to another proceeding or a balance for services which is disputed by the client'': 6 C. J. 674.

It has been said that the right to be counsel for a party in litigation is too valuable to be surrendered by counsel without the consent of the client and against his protest: In re Schuylkill River Road, 20 Pa. C. C. 559, 562.

It has been held that a lawyer may not abandon a cause at a critical stage and leave his client helpless in an emergency. A withdrawal should be by leave of court and the client should have notice: Spector v. Greenstein, 85 Pa. Superior Ct. 177, 179.

In the instant case petitioners' client has had notice of the rule to show cause why their appearance should not be withdrawn and has filed an answer thereto and was personally present in court and took the witness

stand in his own behalf at the time depositions on said rule were taken.

1 Standard Pa. Practice §213, p. 173, states the rule as follows:

"The relation of attorney and client may also be terminated by act of the attorney. While, generally speaking, the contract of an attorney with his client is an entire and continuous one and he cannot abandon the service of his client before the termination of the suit, yet it is well settled that he may terminate the relation without the client's consent, previous to the termination of suit, for good and sufficient reason and on reasonable notice, and that the attorney's withdrawal from a case before it is finished, even without the consent of his client or of the court, will not deprive him of the right to compensation for services already rendered if his withdrawing is for good cause upon reasonable notice and if the client is not prejudiced thereby."

In the instant case we do not see any justification for permitting the withdrawal of their appearance by the present petitioners. The dispute between them and plaintiff does not relate to compensation because that is established by the contingent fee contract in existence between them and as evidenced by the exhibits. The mere fact that in one instance plaintiff has not acceded to the suggestion made by the petitioners does not warrant their withdrawal. He is within his rights in maintaining his view of what is best for his own interests. An attorney cannot bind his client by a compromise made without the consent or knowledge of the client: Township of North Whitehall v. Keller, 100 Pa. 105; Mackey's Heirs v. Adair et al., 99 Pa. 143; Stokely v. Robinson, 34 Pa. 315.

In the exercise of our judicial discretion, we deem it to the best interests of all parties to this rule that the rule be discharged. Especially is this true considering the surreptitious conduct of the petitioners with regard to the pleadings and the non-entry of an appear-

ance for plaintiff until after the instant case had been on the trial list at least once without an appearance by præcipe being entered.

Petitioners have themselves to thank for the position in which they find themselves. Upon the call of the trial list for October 13, 1941, which was had on September 22, 1941, the instant case was again continued, possibly for the fifth time if not more. The president judge stated, and it is our recollection that he so noted on his trial docket, that the case would have to be tried in November, next. Under these circumstances it would be inadvisable for petitioners to withdraw at the present stage of the proceeding.

And now, October 6, 1941, the rule to show cause why the appearance of petitioners as counsel for plaintiff should not be withdrawn is discharged at their costs.