## Byrnes v. Seacrest Pools, Inc.

*John E. Landis*, for plaintiff.

*DeAngelis & Kaufman*, for defendant.

FORREST, P. J., May 16, 1962.—This case comes before us on defendant's preliminary objections to jurisdiction of the court over defendant, a corporation.

The facts relating to jurisdiction, as disclosed by the papers filed in the office of the prothonotary, are as follows:

Defendant, Seacrest Pools, Inc., is a Pennsylvania Corporation. On August 2, 1961, the sheriff of Montgomery County, according to his return of service, made service upon defendant by handing a copy of the complaint at 203 Bala Avenue, Bala Cynwyd, this county, "the place of business of said defendant company to Morton H. Stern, the person for the time being in charge thereof, who stated that his relationship to said defendant company is that of President."

On August 18, 1961, DeAngelis and Kaufman, Esqs., by John G. Kaufman, entered their appearance for defendant.

On September 5, 1961, the appearance slip was marked as follows: "Appearance withdrawn. /s/ John G. Kaufman."

On October 2, 1961, defendant filed preliminary objections attacking jurisdiction of this court over defendant. Defendant contends that it never maintained an office or did business in this county and ceased doing business of any kind in 1959.

On October 4, 1961, DeAngelis and Kaufman, Esqs. by Sidney M. DeAngelis, filed a praecipe to enter their

appearance for defendant "for the special purpose and only for the special purpose of attacking jurisdiction."

On October 24, 1961, plaintiff answered the preliminary objections alleging that defendant maintains its office at 203 Bala Avenue; that it never ceased doing business and that it is a presently subsisting Pennsylvania Corporation.

There are several reasons why the preliminary objections must be overruled. First, "the general appearance by counsel conferred jurisdiction upon this court and precluded a subsequent attack on the jurisdiction. Goodrich-Amram Civil Practice, Rule 1012-1, Page 36": Hartung v. Mall, 37 Erie 215, 217 (1953). ". . . The entry of a general appearance supports the entry of a judgment in personam against the defendant and waives all objections to the venue . . . service of process, defective return of service . . .": 2 Anderson, Pa. Civ. Pract., p. 396, §1012.3 (1960). Hence, the failure of plaintiffs to comply with Pa. R. C. P. 2179, relating to venue in personal actions, has been waived. Counsel for defendant cites a number of cases in support of his contention that Pa. R. C. P. 2179 must be complied with, and that if a sheriff's return showing such compliance is false or incorrect, the return may be attacked. Those decisions correctly support the rule that ". . . a sheriff's return showing . . . service in this State on one who claims to be a *nonresident* and not present *in this State* when the service was made, is not conclusive and defendant may establish these facts by evidence dehors the record": Vaughn v. Love, 324 Pa. 276, 285 (1936). (Italics supplied.) That rule has no application to the facts of this case. The distinction between the case of resident defendant on the one hand, and non-resident defendants and foreign corporations on the other hand, is discussed in Anderson, op. cit. p. 415, §1013.5.

Second, in case defendant's counsel desires to withdraw a general appearance, the proper practice is to require defendant's counsel to file a petition setting forth the reasons for withdrawing their appearance and thereupon to have granted a rule: Daley v. Iselin, 212 Pa. 279, 288 (1905), cited in 2 Anderson, op. cit. p. 400, §1012.5. Defendant's counsel disregarded this precept.

Third, even if counsel had properly withdrawn their appearance, such action by the attorneys did not put the party, for which they appeared, out of court: Wilson v. Hilliard, 17 W. N. C. 325, 5 Atl. 258, 2 Anderson, op. cit. p. 400, §1012.4, fn. 35.

And now, May 16, 1962, the preliminary objections to the complaint are overruled. Defendant is allowed 20 days from this date within which to file an answer on the merits.