Hernandez *v.* Japort (et al., Appellant).

Argued November 12, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Henry Temin,* with him *Howard M. Girsh,* for appellant.

*Michael Shekmar,* with him *Richard D. Solo,* for plaintiffs, appellees.

*William P. Stewart,* with him *Swartz, Campbell & Detweiler,* for defendant, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 5, 1965:

This appeal presents the question of whether the court below properly denied the petition of Manuel Steinberg, Esq., to withdraw his general appearance as attorney for John J. Bizik, Jr.

Bizik was the operator of one of three vehicles involved in an automobile accident on December 24, 1954. Two separate suits were instituted as a result of this accident. One was brought by Mr. and Mrs. Julius Japort, plaintiffs, against Bizik and Robert F. Murray in the Court of Common Pleas No. 3 of Philadelphia County [C.P. No. 3]. The other suit—the subject of this present appeal—was filed by plaintiffs, Hernandez, Pajon, and Whitford in the Court of Common Pleas No. 5 of Philadelphia County [C.P. No. 5] against Japort, Bizik, and Murray. Service of process was made in the C.P. No. 3 case (including service on Bizik) but the sheriff's return of service as to Bizik was marked "not found" in the C.P. No. 5 case.[1]

---

[1] The question of whether the court below has or has not acquired jurisdiction over Bizik in some other manner is not before us.

On June 28, 1955, Thomas R. White, Jr., Esq., entered his appearance on behalf of Bizik in the C.P. No. 3 case; in January 1957 his appearance was withdrawn. On or about January 11, 1957, appellant Steinberg entered an appearance in both actions. He made no attempt to withdraw his appearance in either suit until October 1957,[2] when he alleged that his appearance was inadvertent in C.P. No. 5 and asked permission to withdraw from that case. A subsequent decree allowing withdrawal was vacated, and an appeal respecting such vacation was discontinued. After his original petition to withdraw was finally dismissed in 1963, he filed a new petition in February 1964, in which he incorporated by reference a deposition of defendant Bizik taken several months before.

Appellant's principal arguments are that (1) since Bizik was not served with a copy of the complaint, Steinberg's entry of appearance was inadvertent and erroneous, and (2) that defendant Bizik does not desire his representation. The trial court held that appellant showed no adequate legal basis to support the petition of withdrawal. The court also found that Bizik's request for Steinberg's withdrawal was not stated unambiguously in the deposition.[3]

At the outset, we must determine whether the petition to withdraw is a petition to withdraw the appearance of a party defendant, in effect, or merely a request by an attorney for permission to withdraw from his representation of the defendant.[4] While the record is not as clear and uncontradictory as might

---

[2] By which time the statute of limitations had apparently run.

[3] The court also noted that in the companion case in C. P. No. 3 Bizik has not voiced his disapproval of representation by appellant.

[4] Appellees' brief contends that the latter interpretation is correct. In his brief, appellant (not without some contradiction) suggests the former interpretation.

be desired, we interpret the petition as one which seeks to withdraw, in effect, the appearance made for defendant Bizik.[5]   Such a petition may be refused, even where the appearance has been inadvertent, if the application has not been made in due time or if the other parties will suffer loss or prejudice. *Jones v. Orum,* 5 Rawle 249 (Pa. Supreme Ct. 1835).   Here, it appears that the statute of limitations has now run.   Compare *Bohnhoff v. Kennedy,* 129 App. Div. 32, 113 N.Y.S. 133 (1908).

In *C. E. Williams Co. v. Henry B. Pancoast Co.,* 412 Pa. 166, 194 A. 2d 189 (1963), a trial court's refusal to permit the withdrawal of the entry of a general appearance by counsel for the defendant was upheld by this Court.   We applied the prevailing rule that "ordinarily the question of whether an attorney should be permitted to withdraw his appearance is within the discretion of the trial court and the decision of the trial court will be reversed only when plain error is committed . . .".   Id. at 170, 194 A. 2d at 191.   We said, too, that a reversal would be justified only where an abuse of discretion is clearly shown.   A

---

[5] Of course, if the request is only for permission of counsel to terminate his status as attorney for defendant Bizik, there is little problem and it would seem that such leave should be granted.   But, to us, that does not appear to be the import of the petition.   However, if we have misinterpreted the present petition, appellant Steinberg is not prevented from filing a new petition in the court below.   Appellees have noted that a petition merely seeking termination of his representation would not be opposed by them.   The granting of a petition of that nature does not operate to withdraw the appearance of the party defendant.   *Wilson v. Hilliard,* 1 Sadler 425, 5 Atl. 258 (Pa. Supreme Ct. 1886).

If defendant Bizik were required to defend, on his own, the suit against him, his action, if any, would be against his insurance company. See, e.g., *Schmittinger v. Grogan,* 402 Pa. 499, 166 A. 2d 524 (1961) ; *Kelly v. Kass,* 154 Pa. Superior Ct. 267, 35 A. 2d 531 (1944).

308

careful review of this record has disclosed no such abuse of discretion.

Order affirmed.