## McVicker v. Jones

*Samuel R. DiFrencesco, Jr.,* of *Gleason, DiFrancesco, Shahade & Markovitz,* petitioner.

*Jean S. McVicker,* respondent, pro se.

COFFROTH, P. J., October 22, 1974.—In this wrongful death action commenced by writ of summons in trespass, counsel for plaintiffs has petitioned the court for leave to withdraw as counsel, alleging that after a full and thorough investigation of the circumstances surrounding the one-car collision in which plaintiffs' son, the operator and sole occupant of the car, was instantly killed, plaintiffs refused to follow petitioner's advice respecting the case, resulting in a destruction of the reciprocal confidence essential to the attorney-client relationship in such litigation. Plaintiffs were served with a copy of the petition and notice of hearing.

Wife-plaintiff filed her self-prepared answer to the petition alleging ". . . I can prove he was not dedicated to me. As a member of the Pennsylvania Bar Association—to practice law—it would be a crime to answer his prayers, and grant him a leave to withdraw. There-

fore I pray, to the Honorable Court, to hear my prayers and make the crooked way straight. Then, hereafter, I, or any person in these United States of America, will not be denied our legal rights, and the government we so cherish, of the people, by the people and for the people."

Petitioner and wife-plaintiff appeared at the hearing and were heard at length. Plaintiff-husband did not appear; plaintiffs have been estranged and divorced since the filing of the suit. In substance, petitioner asserted that he accepted the case only provisionally, subject to his being satisfied to proceed after investigation; that he received from plaintiffs the sum of $600 for costs and expenses of investigation; has received no fee; wants no fee despite considerable time and effort spent on the case; and has no contingent fee or other professional agreement with plaintiff. Wife-plaintiff was extremely critical of petitioner, expanding upon the statements in her answer to the petition respecting his lack of dedication to her in the case. Her presentation itself manifested not only a complete absence of the confidence essential to a working attorney-client relationship but a gross antagonism toward petitioner notwithstanding that she expressed sufficient confidence in him to continue as counsel. Her statements revealed a mixed motivation: to punish petitioner, to teach him to act properly in the future, and her fear of being unable to obtain counsel after being turned down by several local attorneys before petitioner was approached, although she asserts that her case is unquestionably one of great value from which her counsel will be well remunerated.

Petitioner, by having administration raised on the decedent's estate and by timely issuance and service of the summons within a year of death, has protected plaintiffs against the bar of the statute of limitations.

Defense counsel filed an appearance, but no complaint has been filed and no rule to file one has issued.

Included in the petition is an accounting for the expenditure of $368.50 for engineering studies, investigation and costs; in addition $110 remains payable on the bill of Patrick J. Casey, the investigator, who also appeared at the hearing and testified. Petitioner asked for directions to pay that bill and to pay the unexpended balance to plaintiffs.

We seriously question whether an attorney who has accepted a case without reservation may unilaterally terminate his contract and withdraw before the case is finished, merely because the client declines his advice or because the attorney arbitrarily wants out. See Helms v. Kuebler, 44 D. & C. 71; 3 P. L. Encyc. 484, §33. Obtaining new counsel to carry on litigation already started by other counsel is not always easy.

But that is not this case. Here, there are two additional material factors:

(1) The controlling factor is that petitioner did not contract to accept the case except for investigation; he expressly reserved the right of withdrawal unless, after investigation, he agreed to take the case. That is a wise course for counsel, especially where a contingent fee agreement is contemplated. There is thus no professional undertaking or contract to require petitioner to adhere to.

(2) It is apparent that the relationship between petitioner and respondent has so deteriorated as to make impossible, not merely difficult, the cooperation between attorney and client which is vital to a continuance of that employment, especially in a matter so serious and delicate and so emotionally charged as this one. In such circumstances, we would not do justice to either party to require petitioner to continue as counsel.

Additionally, we note that the husband-plaintiff has not appeared, and we assume from his nonappearance that he has no objection to the petition.

This is not a case of counsel leaving the client helpless in an emergency or at a critical stage of the case. See Spector v. Greenstein, 85 Pa. Superior Ct. 177. Plaintiffs are protected as respects the statute of limitations, no complaint has been filed, no irrevocable steps have been taken which would bind new counsel, and the situation is favorable for having other counsel enter the case.

### ORDER

*Now,* October 22, 1974, the petition of Samuel R. DiFrancesco, Jr., Esq. for leave to withdraw as counsel for plaintiffs is granted; accordingly, his appearance as counsel for plaintiffs is stricken. Payment of the balance of the account of Patrick J. Casey in the amount of $110, and refund of the unexpended residue of the funds in the hands of petitioner are approved.