**H.R. Weaver Building Systems, Inc. v. Dommel**

532

*Christopher E. Rice* and *Seth T. Mosebey,* for plaintiff.
*Alan R. Boynton Jr.* and *Dana M. Windisch,* for defendants.
*Ethan R. O'Shea,* for intervener.

CHARLES, *J.,* February 4, 2011—The lawyer-client relationship is unique in many respects. Particularly noteworthy is the fact that attorneys and clients do not enjoy the unfettered ability to sever their relationship. When an attorney enters an appearance on behalf of a litigant, the court supervising the litigation becomes the ultimate arbiter of whether an attorney and/or a client can "fire" one another.

In this case, the law firm of McNees Wallace & Nurick, LLC (hereafter "MWN") seeks to extricate itself from any further representation of the defendants in the above-referenced action. (The defendants will hereafter be collectively referred to as "Dommels".) The Dommels have not opposed MWN's request. However, plaintiff has lodged an objection, claiming that a change of counsel at this late stage of the litigation would delay its efforts to obtain relief.

## I. FACTS

On July 28, 2008, plaintiff H.R. Weaver Building Systems, Inc. (hereafter "Weaver") commenced two actions by filing Notices of Mechanics' Liens on property owned by the Dommels. These two mechanics' liens were

eventually consolidated and a complaint was filed alleging a mechanics' lien claim, breach of contract, quantum meruit and violations of Pennsylvania's Contractor and Sub-Contractor Payment Act.[1]

On December 8, 2008, attorneys Alan R. Boynton, Jr. and Dana M. Windisch of MWN entered their appearance on behalf of the Dommels. A little less than one month later, MWN filed an answer on behalf of the Dommels. Since that time, MWN has served as counsel for the Dommels in the above-referenced litigation.

On July 6, 2010, we met with all counsel. One of the purposes of the status conference was to address a petition to intervene filed by Jonestown Bank and Trust Company. Ultimately, we granted Jonestown's petition to intervene on July 22, 2010. In addition to addressing the petition to intervene, we also discussed deadlines at the July 6, 2010 status conference. We established a discovery deadline of January 6, 2011 and a deadline for filing of dispositive motions of January 26, 2011. Pursuant to our scheduling order, Jonestown filed a motion for summary judgment on January 24, 2011. That motion is still pending.

On October 4, 2010, MWN filed a motion to withdraw as counsel for the Dommels. The plaintiffs responded to this motion on October 15, 2010. The key paragraph within plaintiff's response is paragraph 5, which reads: "plaintiff is concerned that if McNees Wallace & Nurick, LLC is permitted to withdraw this close to trial, then defendants may attempt to further delay the trial when seeking new counsel." To date, the Dommels have not responded to

---

1. The two mechanics' liens claims were consolidated by order signed by former President Judge Robert J. Eby on December 9, 2008.

MWN's motion to withdraw.

Unfortunately, MWN's petition to withdraw was not listed for argument court until January of 2011. When the above-referenced file was submitted to us, and when we perceived the nature and importance of resolving MWN's request as promptly as possible, we expedited an analysis of the decision we will be entering today's date.

## II. DISCUSSION

An attorney who has entered his/her appearance on behalf of a client in pending litigation cannot unilaterally withdraw that appearance: court approval must be sought and obtained. *C. E. Williams Co., v. Henry B. Pancoast Co.*, 412 Pa. 166, 194 A.2d 189 (Pa. 1963); Pa.R.C.P. No. 1012(b)(1). "Ordinarily, the question of whether an attorney should be permitted to withdraw his appearance is within the discretion of the trial court and the decision of the trial court will be reversed only when plain error is committed." *Phoenix Mutual Life Insurance Company v. Radcliffe on the Delaware, Inc.*, 439 Pa. 159, 163, 266 A.2d 698, 700 (Pa. 1970). When a motion to withdraw as counsel is filed, any opposing party to pending litigation has standing to object. *Hernandez v. Japort*, 416 Pa. 304, 205 A.2d 867 (Pa. 1965). If an opposing party can establish prejudice, this can be enough to justify the denial of a motion to withdraw as counsel. *Phoenix Mutual*, supra; *Hernandez*, supra.

There are relatively few cases that have discussed the circumstances under which a motion to withdraw should or should not be granted. See *Phoenix Mutual*, supra; *Hernandez*, supra, *Helms v. Kuebler*, 44 Pa. D. & C. 71, 73 (1942) ("The relation of an attorney to his client is

one of the greatest confidence. After an attorney enters an appearance for a party to an action, such appearance cannot lightly be withdrawn."); *McVicker v. Jones*, 67 Pa. D. & C. 2d 582, 584 (1974)[2]; *Schmittinger v. Grogan*, 128 A.2d 114, 116 (Pa. Super. 1956). The cases that we did read focused on three factors that we find to be intuitively obvious. Simplified, the test for determining withdrawal focuses on who, when and why.

(1) *Who?* A court should identify who is requesting the withdrawal. Is it the attorney? Is it the client? If it is the former, does the attorney have a history of filing similar requests when clients do not promptly pay the amount promised? If it is the latter, is the request to terminate counsel's services merely a veiled method to obtain an otherwise invalid continuance? In addition, we must also ascertain who is objecting to the withdrawal. If an opposing party objects, is the objection based upon legitimate prejudice or does it represent disagreement merely for the purpose of being disagreeable.

(2) *When?* At what point during the pendency of a litigation was the motion to withdraw filed? Would withdrawal of counsel and the inevitable "getting up to speed" of new counsel materially delay the proceedings? If the motion to withdraw was filed at or near the eve of trial, how and to what extent would the opposing party suffer prejudice by virtue of the inevitable delay that would result?

(3) *Why?* What is the reason for the breakdown of

---

2. In *McVicker*, the court asked whether the relationship between the attorney and client "has so deteriorated as to make impossible, not merely difficult, the cooperation between attorney and client which is vital to a continuance of that employment." *McVicker*, supra at 584.

the attorney/client relationship? Is the problem purely economic, or are ethical rules involved? To what extent can the attorney and client continue to work together if the motion is not granted?

Applying the "who, when and why" test to the facts of this case, we reach the following conclusions:

### Who?

In this case, the defendants' attorneys have requested leave to withdraw. The plaintiff has filed a response citing concerns about delay. The client itself has remained strangely silent during this entire process.

Never before have we encountered a situation in which MWN has sought to extricate itself from representing a client at or near the time of trial. In our experience, the attorneys sent to this court by MWN have always displayed an appropriate level of professionalism and respect for the process and this court. In short, there is nothing that would lead us to believe that MWN's petition to withdraw was filed as part of "legal gamesmanship" or to gain some tactical advantage in the above-referenced case.

In addition, the party "objecting" to MWN's withdrawal is not a client of MWN but is instead an opposing party. While we recognize that opposing parties do have standing to object to a withdrawal that could cause delay, we also recognize that an opposing party could conceivably benefit by forcing a matter to trial when there has been a fracture between the other side's counsel and client.[3] In addition, we view the prejudice of delay that could be suffered by

---

3. So we are clear, we do not accuse plaintiff of possessing this m - tive. Plaintiff's concern about the delay is legitimate.

an opposing party to be less significant than the potential prejudice that an attorney's own client could suffer. For these reasons, we will afford less weight to an objection to withdrawal filed by an opposing party than we would to an objection filed by an attorney's client.

In this case, we have considered the fact that MWN's own client has not objected to withdrawal. We have also considered the fact that MWN does not have a history of adversely affecting litigation before this court via last-minute motions to withdraw. While we view plaintiff's concern about delay to be legitimate, we do not view plaintiff's prejudice flowing from delay to be a determinative factor in our decision.

### *When?*

MWN's petition to withdraw was filed in October of 2010 at a time when discovery was still progressing. To be sure, the discovery deadline set forth in our scheduling order of January 6, 2011 has now expired. However, trial is not imminent. Jonestown Bank and Trust Company has filed a motion for summary judgment that will likely require several months to resolve. Even after a decision is rendered regarding Jonestown Bank's motion for summary judgment, the parties will still need to list this case for trial and proceed to a pre-trial conference.

We do not view MWN's motion to withdraw as a last-minute eve-of-trial request. Had MWN's motion to withdraw been filed after a trial date had been scheduled and after plaintiff had subpoenaed witnesses and prepared its case, we would have viewed the timing of the motion as a significant factor weighing against the motion to withdraw. As it stands, we do not view the timing of

MWN's motion to withdraw as a reason to defeat that motion.

*Why?*

MWN sets forth two reasons in support of its motion to withdraw. The first involves finances and the second involves cooperation. According to MWN, the Dommels now owe $70,000 in counsel fees and have failed to make installment payments in accordance with MWN's fee agreement. With respect to lack of cooperation, MWN alleges that Denise Dommel has moved and has not provided MWN with any contact information.

In its brief, plaintiff concedes that MWN has set forth sufficient grounds to support a petition to withdraw. Stripped of superfluity, plaintiff argues that the delay it would suffer outweighs any financial hardship that MWN would suffer if forced to continue its representation of the Dommels.

We conclude that MWN has set forth sufficient grounds for withdrawal. Lawyers are entitled to be paid for their services and courts should not lightly require an attorney to involuntarily provide gratuitous services. Just as important, clients owe a duty of cooperation to their lawyers. In addition to payment for services rendered, clients must remain available to answer questions, provide information and make decisions regarding the progress of litigation. When a client such as Mrs. Dommel disappears and does not even leave a forwarding address, this lack of communication can render an attorney's job problematic.

Based upon our analysis of the "who, when and why" test, we conclude that MWN has set forth sufficient

grounds to withdraw as counsel for Dommels. We will therefore be granting MWN's motion to withdraw.

At the same time, we are sympathetic to plaintiff's concern about delay. We are well aware that MWN's withdrawal will require Dommels to obtain a new attorney. Inevitably, the new attorney will request additional time to "get up to speed." As Dommels seek to hire new counsel, we want both Dommels and their new counsel to be perfectly clear about the time frames that will apply in the above-referenced litigation. Given our decision today, we will be extending the discovery deadline until May 1, 2011. We will be directing the parties to proceed with any further discovery even while we work to address the motion for summary Judgment filed by Jonestown Bank. Lest there be any confusion, we will not extend the May 1, 2011 discovery deadline absent emergency cause or unless all parties to this litigation agree. An order to effectuate this decision will be entered this date.

## ORDER OF COURT

And now, February 4, 2011, upon consideration of the arguments submitted by the parties, the motion of McNees Wallace and Nurick, LLC to withdraw as counsel for defendants is granted. We urge the defendants to immediately obtain new counsel. Because we recognize that new counsel will need time in order to become prepared to try this case, we will extend the discovery deadline until May 1, 2011. Absent emergency cause or an agreement by the parties, we will not extend the discovery deadline beyond May 1, 2011.