# Spector *v.* Greenstein, Appellant.

*Trials—Municipal court—Appearance of counsel—Withdrawals —Permission of court—Right to withdraw in the course of trial.*

In a trial by the Municipal Court of Philadelphia the defendant was represented by counsel who participated in the selection of a jury. Subsequently the court adjourned to the following day, when the defendant's counsel stated to the trial judge that he had not received the papers or been paid his retainer, and desired to withdraw from the case. The court, while taking no action on the question of withdrawal, ordered the trial to proceed, which was equivalent to granting the request.

Under such circumstances, the court should not have allowed counsel to withdraw in the absence of his client and without notice to him, and without his having the opportunity of being heard in the matter. Defendant's attorney being an officer of the court, the trial judge, by withholding his consent to the withdrawal, could have controlled the situation so that no injustice would have been done to the defendant.

A lawyer may not abandon a cause at a critical stage and leave his client helpless in an emergency. A withdrawal should be by leave of court and the client should be notified.

Argued October 12, 1924. Appeal, No. 20, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, April T., 1923, No. 44, on verdict for plaintiff in the case of Joseph Spector v. Ignatz Green-

stein.  Before ORLADY, P. J., HENDERSON, TREXLER, KEL-
LER, LINN and GAWTHROP, JJ.  Reversed.

Assumpsit on written contract.  Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $600 and judgment thereon.  Defendant appealed.

*Errors assigned* were in permitting the plaintiff to proceed with the trial in the absence of counsel for the defendant, and refusal to grant a new trial.

*Edward H. Cushman,* and with him *Samuel Englander,* for appellant, who did not participate in the proceedings in the court below.

*George F. Douglas,* and with him *Harry B. Schultz,* for appellee.

OPINION BY TREXLER, J., March 16, 1925:

Defendant was represented by counsel who participated in the selection of the jury.  After the jury was selected the court adjourned.  The next morning when the case was called defendant's counsel addressed the trial judge as follows: "If your Honor please, yesterday I was retained in this case and was asked to come into this case and try it, with the promise of a retainer of my fee this morning and the papers to go over.  I have received neither, nor am I prepared to try this case, and rather than place myself in that position I will ask your Honor to allow me to withdraw."  The court then remarked: "Well, the trial Judge has been placed in rather a difficult position here due to friendship for you.  This case was actually reached for trial yesterday afternoon.  At that time, you were in court with the defendant and his witnesses, and at your personal request and on account of our very pleasant friend-

ship for many years, I consented to allow it to go over until this morning as against the protest of counsel for the plaintiff. The case was passed until the first this morning, under an arrangement we made together yesterday afternoon, and therefore I feel that counsel for the plaintiff has a right to proceed." Defendant's counsel replied: "I agree with your Honor thoroughly, and only wish to make my position clear because I want to act in good faith to both your Honor and counsel for the plaintiff, and I have not received the papers in the case." The court took no action on the request of counsel to withdraw but ordered the trial to proceed. We may infer that this was equivalent to granting the request to withdraw. Although the attorney in the case had not formally entered his appearance, his participation in the preliminary stage of the trial showed he was acting on behalf of his client. He may have had the right to withdraw because his retainer had not been paid but his withdrawal should not have been allowed in the absence of the client and without notice to him and without his having the opportunity of being heard in the matter. A lawyer may not abandon a cause at a critical stage and leave his client helpless in an emergency, 6 C. J. 673. A withdrawal should be by leave of court and client should have notice, ibid. The court in its opinion refusing a new trial bases its conclusion upon the fact that plaintiff was entitled to proceed to trial and that there was no reason why the defendant should not have been in the court room. Defendant's attorney being an officer of the court, the trial judge, by withholding his consent to the withdrawal, could have controlled the situation so that no injustice would have been done to the defendant. The latter's absence from the court room should not be made the basis of action on the part of the court such as we find here. We think the proper administration of justice requires that a new trial should be granted.

The judgment is reversed with a venire.