## Ondick *v.* Ondick, Appellant.

Argued March 15, 1960. Before JONES, C. J., MUS-MANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused June 6, 1960.

*Frank A. Conte,* for appellants.

*David S. Palkovitz,* with him *Robert Palkovitz* and *Jack Palkovitz,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 4, 1960:

On August 6, 1952, Ann Irene Ondick brought an action in trespass for alienation of affections against her mother-in-law, Anna Ondick; her father-in-law, Michael Ondick; and her brother-in-law, Richard Ondick, her husband's brother. On March 19, 1958, the Court of Common Pleas of Allegheny County, after an ex parte trial, (the defendants being absent), entered judgment in favor of the plaintiff and against the defendants in the sum of $7500. On March 24, 1958, the defendants filed exceptions to the findings and adjudication of the court, and on June 23, 1959, the exceptions were dismissed.

Two of the defendants, Michael and Anna Ondick, have appealed to this Court, asking for a reversal of the judgment and, in the alternative, a new trial. The appeal is destitute of merit, as will quickly be shown.

The defendants have had five attorneys and apparently have given little heed to any of them. We will refer to these attorneys by number, since no point will be served in naming them. When the suit was filed against the defendants, they engaged Attorneys Nos. 1 and 2 to represent them, but several days before the scheduled date of trial these attorneys filed a petition asking permission to withdraw because "differences of opinion as to methods of procedure have arisen between attorney and clients" plus the fact that the defendants *"expressed the desire that your petitioners withdraw*

*their appearance."* (Emphasis supplied.) The court of common pleas granted the petition.

On March 12, 1958 the attorney for the plaintiffs had notice served personally on the defendants, the notice reading as follows: "We hereby notify you that the above entitled case is on the current Trial List and is scheduled to be tried on Monday, March 17, 1958, at 9:30 o'clock A.M. or as soon thereafter as the attention of the Court may be had; and, that you have no counsel appearing of record for you in said above entitled case, your original counsel having withdrawn their appearance as is shown by Petition and Order of Court filed in said above entitled case, at the above number and term.

"We hereby advise you to immediately have other counsel represent you and to be prepared to proceed with the trial of the above entitled case at the time above set forth."

The defendants rejected these notices, returning them by mail to plaintiff's counsel.

On March 19, 1958, as already stated, the court, upon request by plaintiff's counsel heard the case non-jury, and entered judgment for the plaintiff.

The defendants now engaged Attorney No. 3 who filed exceptions to the court's findings but on April 29, 1959, he presented a petition for withdrawal of *his* appearance, and his prayer was granted.

On June 4, 1959, counsel for the plaintiff filed a praecipe for the argument list in order to dispose of the exceptions filed by Attorney No. 3. Affidavit of the service of the praecipe was served on three defendants by registered mail.

On June 22, 1959, Attorney No. 4 entered the case in behalf of the defendants, and on the following day argued for the exceptions filed by his predecessor. The exceptions were dismissed, as heretofore pointed out,

and now Attorney No. 4, through a granted petition for withdrawal, bowed out of the litigation.

On September 21, 1959, an appeal was filed to this Court by Attorney No. 5, but it is to be noted that the defendant Richard Ondick, who had apparently tired of the legal marathon, did not join in the appeal. Michael and Anna Ondick, however, through Attorney No. 5, complain about the judgment, but if they had written the judgment with their own hands, they could not have more directly contributed to its creation.

One of the arguments advanced by Attorney No. 5 is that the court of common pleas was without authority to hear the case non-jury because, under Rule No. 54 of the Court of Common Pleas of Allegheny County, both parties are required to agree to a non-jury trial. But neither Rule No. 54 nor any other rule of court can be used to support the complaint of a party who deliberately stays away from court after having been duly notified to be present. If this argument of the defendants were to be sustained, it would mean that a party litigant could monkey-wrench the machinery of justice through the simple expedient of ignoring all processes issuing under the direction and authority of the courts.

The defendants also argue that the record of the trial does not show that the plaintiff proved a case of alienation of affections. Attorney No. 5 says in his brief: "No alienation of affection was shown; instead the husband left, not because he loved the wife less, but because he loved money more." It is not clear just what relevancy this garbled play on Brutus's words has to the issue on appeal, but it is clear that if the appellants' respect for the courts had been more, and their indifference to the court's processes had been less, they would now be in a better position to argue whatever merit there may be in their case. It must, however, be stated in all candor that a reading of the record re-

veals that that merit appears to be as meager as their appeal lacks persuasion and conviction.

Judgment affirmed.

DISSENTING OPINION BY MR. JUSTICE BENJAMIN R. JONES:

I dissent from that portion of the majority opinion interpretive of Rule 54 of the Court of Common Pleas of Allegheny County which provides for a trial of civil actions by a court without a jury. Under the provisions of that Rule a prerequisite to a trial without a jury is an *agreement* thereto on the part of *all* parties to the litigation. The instant record indicates simply that the defendants were *absent* at the time the action was called for trial; such absence does not equate an *agreement* on defendants' part to a non-jury trial as contemplated by the Rule. Under the circumstances, the court below had no alternative other than to direct a trial of this action by a jury and, for that reason, I would grant a new trial.

Mr. Justice COHEN joins in this dissenting opinion.