Smith *v.* Smith, Appellant.

Argued October 3, 1967. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*C. M. Janavitz,* with him *David M. Janavitz,* and *Janavitz & Janavitz,* for appellant.

*John A. Metz, Jr.*, with him *Harry H. Rosen, Henry G. Beamer, III,* and *Metz, Cook, Hanna & Kelly,* for appellee.

OPINION BY MR. JUSTICE COHEN, November 14, 1967:

This appeal arises out of a decree of the Court of Common Pleas of Allegheny County. The decree was entered by default based upon defendant-appellant's failure to appear at the time of trial. After receipt of the decree, appellant made prompt application to the court below for the issuance of a rule to show cause why the decree should not be opened. The court refused to issue the rule to show cause and the appellant filed the present appeal with our Court.

Plaintiff-appellee, then appellant's husband, commenced an action in equity seeking to enforce an alleged oral trust of real estate against appellant and to compel the conveyance of appellant's home to him, legal title to which, he alleged, was fraudulently vested in appellant.

In the course of the subsequent proceedings appellant has had five attorneys, not including her present counsel, a fact which plays a relevant part in the current problem. We shall simply refer to them by number.

On March 1, 1962, appellant, by her attorneys, No. 1 and No. 2, filed preliminary objections to appellee's complaint. On November 16, 1962, attorneys No. 3 and No. 4 entered their appearance on behalf of appellant. Their appearance was subsequently withdrawn on March 22, 1966. On April 27, 1966, attorney No. 5 entered his appearance for appellant, and on the same date attorney No. 2 withdrew his appearance. On October 14, 1966, attorney No. 5 withdrew his appearance. Thus, after a number of appearances and withdrawals of counsel, the only remaining attorney of record was

attorney No. 1 who had entered an appearance in 1962.[1]

On November 17, 1966, the case was listed for trial on the equity trial list, notice of which appeared in the Pittsburgh Legal Journal listing attorney No. 1 as appellant's attorney. The case was called for trial on December 12, 1966, at which time neither the appellant nor any counsel on her behalf appeared. On December 15, 1966, appellee filed a motion for a default judgment for failure of appellant to appear at trial, a request for findings of fact and conclusions of law, and submitted to the court below a proposed decree. Although no testimony on behalf of the appellee appears to have been taken,[2] the court below entered the decree as submitted by appellee.[3]

Appellant's principal contentions are that she didn't receive sufficient notice of the date, time, or place of trial either by the court or appellee's counsel and that the practice of publishing a trial list in the local legal journal is inadequate notice to a defendant who has had a number of attorneys appear and withdraw during the course of a lawsuit. Appellee, on the other hand, argues that the accepted common practice is to

---

[1] The record discloses that attorney No. 1 did not engage in any activity on behalf of appellant in these proceedings subsequent to the filing of an answer to appellee's amended complaint on May 14, 1962. Thus, when the case was called for trial on December 12, 1966, there was no apparent indication that attorney No. 1 still actively represented appellant, although his appearance apparently was not withdrawn.

Other facts of record have been omitted because they are not germane to a proper resolution of the case.

[2] Although appellee's attorney argued vigorously on appeal that testimony had been taken, the record before this Court does not indicate that the trial judge, prior to the rendering of the decree, heard any testimony on behalf of appellee.

[3] The substance of that decree has been omitted because its consideration is not necessary in disposing of the issues presented.

538

provide notice in the local legal journal and that to require actual notice in every case would be an undue burden on the courts and the attorneys involved.

We find it unnecessary to determine if actual notice of trial must be given in all cases. In the unusual circumstances of this case we believe appellant did not receive sufficient notice. A defendant who has been represented, as disclosed by this record, by numerous attorneys throughout the proceedings is entitled to more than mere notification in a legal journal as to the date, time and place of trial.

Moreover, the procedure followed by the court below in entering a "default decree" was improper. Apparently, it relied upon Pa. R. C. P. 1511,[4] as authority for entering a default judgment against appellant for her failure to appear at trial. This rule does not authorize the entry of a default judgment for failure to appear at trial. Hence, the lower court erred if it failed to require appellee to prove the factual allegations supporting his cause of action before it rendered a decree. For these reasons it is our position that appellant should be given an opportunity to present her defense, if any, to appellee's claim.

The decree of the court below is vacated and the case remanded to that court for further proceedings in accordance with this opinion. Each party to pay own costs.

---

[4] "Rule 1511. Judgment upon Default or Admission

"(a) The prothonotary, on praecipe of the plaintiff, shall enter a judgment by default against the defendant for failure to plead within the required time to a complaint endorsed with a notice to plead. In all other cases of default or of admission the judgment shall be entered by the court. (b) In all cases, the court shall enter an appropriate final decree upon the judgment of default or admission and may take testimony to assist in its adjudication and in framing the decree."

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

Although I believe that the procedure here employed to give notice of a pending adjudication to a basically unrepresented litigant may be constitutionally infirm,[1] I do not believe, as the majority intimates, that the sufficiency of notice should turn on the sequence of attorneys involved. However, refusal to open this default judgment was clearly erroneous.

In *Texas and Block House Fish and Game Club v. Bonnell Run Hunting and Fishing Corp.*, 388 Pa. 198, 130 A. 2d 508 (1957) we stressed that a refusal to permit the opening of a default judgment could be reversed only for a clear abuse of legal discretion. But, characterizing *Pinsky v. Master*, 343 Pa. 451, 452, 23 A. 2d 727, 728 (1942) as the leading case on this subject and quoting therefrom, we also insisted in *Block House Fish* (supra at 201, 130 A. 2d at 509-10): " 'It has long been a custom in Pennsylvania to grant relief from a judgment entered by default where the failure is due to a mistake or oversight of counsel and where application is promptly made and a reasonable excuse for the default offered.' "

Appellant promptly petitioned the court to open the judgment,[2] asserted a meritorious defense and demonstrated that her failure to appear could be reasonably excused. Though we review only for an abuse of discretion, I find it inconceivable that the trial court ex-

[1] See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652 (1950).

[2] We emphasized in *Block House Fish* as a reason supporting our refusal to reverse the lower court's decision not to permit opening that appellant waited until four months and ten days after judgment was entered to present its petition. Appellant here acted within thirty days.

ercised its discretion[3] in this instance and would there-fore reverse the decree below on this ground alone.

Mr. Justice O'BRIEN joins in this concurring opinion.

---

[3] The court below in *Block House Fish* detailed in an extensive opinion its reasons for denying relief. In this case the court below filed no opinion of record.