431 A.2d 345

**Albert B. STARR,**

v.

**Sarah UNGER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed June 19, 1981.

Petition for Allowance of Appeal Denied Oct. 1, 1981.

---

Edward F. Urbanik, Pittsburgh, for appellant.

Angelo C. Procopio, Pittsburgh, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal from the refusal of the court below to open a judgment entered following a trial at which only plaintiff-appellee and his lawyer appeared. We reverse.

On September 23, 1974, appellee filed a complaint in assumpsit against appellant. On October 25, the sheriff filed a return of service stating that appellant could not be found. The complaint was reinstated on November 7, and served on appellant's son (her attorney-in-fact) on November 27. Appellant, by her lawyer, filed an answer, new matter and counterclaim on December 13. This pleading included a proper demand for trial by jury.[1] Appellee filed a praecipe for issue on October 26, 1976. Trial was scheduled for March 9, 1979. Notice of the trial date appeared in the county legal journal on January 25, 1979 and March 8, 1979.

At the beginning of the trial, the court stated:

Plaintiff has answered ready to try. There has been no answer from defense. Efforts of the Court to locate defense indicates [sic] that the defense is not interested in proceeding.

Plaintiff has advised the Court that it will waive its rights to a jury trial and proceed nonjury in accordance with our rules.

The case was then tried by the court alone, without a jury. The court returned verdicts in appellee's favor on his claim and on appellant's counterclaim. Judgment on the verdicts was filed on January 24, 1980. On February 11, 1980, appellant, by the same lawyer who had represented her at the beginning of this case, petitioned for, and the court below granted, a rule on appellee to show cause why the judgment should not be opened. Appellee answered the petition, and the court discharged the rule without hearing evidence on the issue.[2] Appellee's counsel stated, in his answer to appellant's petition, that he had spoken with appellant's lawyer several days before the trial and had been informed by him that he would have nothing further to do

1. *See* Pa.R.Civ.P. 1007.1.

2. Although the court below refers, in its opinion, to a "hearing on the rule," the official docket contains no entry of any such proceeding, and there is no transcript or any other indication in the record that an evidentiary hearing took place.

with the case because appellant owed him fees for past services.

Upon examination of the record, it is apparent that appellant herself was not heard on the matter of her lawyer's refusal to carry on a defense. The issue, as presented in this appeal, is controlled by *Thomas v. De Sabato*, 168 Pa.Super. 586, 80 A.2d 862 (1951), wherein we said:

> "The withdrawal of trial counsel without notice to defendants and without affording them an apportunity [sic] to secure other representation at a crucial stage in the proceeding was also a reason upon which the court below acted in granting a new trial to both defendants. In *Spector v. Greenstein*, 85 Pa.Super. 177, at page 179, we said: "He may have had the right to withdraw because his retainer had not been paid but his withdrawal should not have been allowed in the absence of the client and without notice to him and without his having the opportunity of being heard in the matter. A lawyer may not abandon a cause at a critical stage and leave his client helpless in an emergency, 6 C.J. 673. A withdrawal should be by leave of court and client should have notice, ibid. The court in its opinion refusing a new trial bases its conclusion upon the fact that plaintiff was entitled to proceed to trial and that there was no reason why the defendant should not have been in the court room. Defendant's attorney being an officer of the court, the trial judge, by withholding his consent to the withdrawal, could have controlled the situation so that no injustice would have been done to the defendant. The latter's absence from the courtroom should not be made the basis of action on the part of the court such as we find here. We think the proper administration of justice requires that a new trial should be granted."

*Id.*, 168 Pa.Super.Ct. at 588, 80 A.2d at 863. Since the court in the instant case was, by its own statement on the record, well aware that appellant's lawyer did not intend to represent her, it should have taken steps to ensure that such a position did not unduly prejudice his client.

We conclude also that trial of the case without a jury was improper. Pennsylvania Rule of Civil Procedure 1007.1(c) provides:

A demand for trial by jury may not be withdrawn without the consent of all parties who have appeared in the action.

It is clear that the absence of appellant and her attorney from the courtroom at the call of the case for trial cannot be taken as appellant's consent to withdraw her demand for trial by jury. Pennsylvania Rule of Civil Procedure 218 provides, in relevant part:

When a case is called for trial, if one party is ready and the other is not ready, without satisfactory excuse being made known to the court, a non-suit may be entered on motion of the defendant, or the plaintiff may proceed to trial, as the case may be. Where the trial proceeds the court may require the Prothonotary, or may authorize any attorney of the court, to participate in the drawing of a jury in behalf of an unready party.

Since Rule 218 does not distinguish, in operation, between a defendant who is present but not ready and one who is not present, *see Goodrich-Amram* 2d § 218.5, the proper course for the lower court would have been to direct that a jury be chosen, and then to order the case tried before that jury. *See Dublin Sportswear v. Charlett*, 485 Pa. 633, 403 A.2d 568 (1979); *Meek v. Allen*, 162 Pa.Super. 495, 58 A.2d 370 (1948). Procedure before the promulgation of Rule 218 was in accord. *See Meckes v. Pocono Mtn. Water Supply Co.*, 203 Pa. 13, 52 A. 16 (1902); *Horning v. David*, 137 Pa.Super. 252, 8 A.2d 729 (1939).

The order of the court below is reversed, the judgment is vacated and the cause remanded for new trial.