492 A.2d 740

**Art McFARLANE t/a Art McFarlane Advertising**

**v.**

**Eugene HICKMAN and Gene Hickman Campaign Committee.**

**Appeal of Eugene HICKMAN.**

Superior Court of Pennsylvania.

Argued Aug. 22, 1984.

Filed May 10, 1985.

242

Louis J. Fanti, Coatesville, for appellant.

James H. Thomas, Lancaster, for appellee.

Before McEWEN, OLSZEWSKI, and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the March 22, 1983 order entering final judgment in appellee's favor in the amount of $1,324.35. We affirm.

On October 27, 1980, appellee Art McFarlane, t/a Art McFarlane Advertising, filed a complaint in assumpsit against appellant Eugene Hickman and the Gene Hickman Campaign Committee seeking to recover $1,480 allegedly due for services rendered in connection with appellant's political campaign for election to the Pennsylvania Senate. Robert L. Beggs, Esquire, filed a praecipe to enter his appearance on behalf of appellant on November 14, 1980, and subsequently filed preliminary objections, an answer, and a counterclaim. A request for arbitration was filed,

and on August 12, 1982, an arbitration award was filed in appellee's favor in the sum of $940 without interest and less the balance in appellee's checking account. On September 13, appellant, proceeding *pro se*, filed an appeal from this arbitration award and demanded a jury trial. On the scheduled trial date of February 22, 1983, appellant failed to appear in court, whereupon the lower court determined that proper notice of the trial had been sent to appellant and asked appellee whether he wanted to proceed before a jury or before the court alone. Appellee expressed his desire to proceed without a jury. The court heard the case *ex parte* and entered a verdict in appellee's favor in the sum of $1,324.35. Appellant subsequently filed exceptions and motions. In an order dated March 22, 1983, the lower court dismissed the exceptions and post-trial motions, and directed that final judgment be entered against appellant in the amount of $1,324.35. Appellant, represented by Louis J. Fanti, Esquire, then filed the instant appeal.

Appellant first alleges that the lower court (1) failed to give him adequate notice of the trial date, thus resulting in his nonappearance, and (2) erred in proceeding to hear the case without a jury despite his demand for a jury trial. The record reveals the following facts: Appellant filed the notice of appeal from the arbitration award *pro se* and listed his address on this notice as 8 Betsy Lane, Thorndale, Pa. 19372. Notice of the December 20, 1982 order certifying appellant's case as ready for trial and placed on the trial list for the month of February, 1983, was personally given to appellant at the listed address and also given to appellant's former counsel Beggs. (N.T. February 22, 1983 at 7–8). On February 7, 1983, a copy of the civil trial list was mailed to appellant at the Betsy Lane address and was not returned to the Court Administration office as not deliverable. (*Id.* at 9). This list contained a trial counsel index listing all attorneys or any parties proceeding *pro se* and a further detailed listing of all civil trials starting on February 22, 1983. Appellant's name was listed on the trial counsel index, and his trial (and its estimated length of time) was

listed on the following pages as the first case to be tried in Courtroom # 4. (*Id.* at 10–11). Prior to the February 7 mailing, the court administrative assistant tried unsuccessfully to obtain appellant's telephone number from the telephone company and his file from the Prothonotary's Office. (*Id.* at 9).

On appeal, appellant does not dispute that he received these mailings. He claims, however, that the trial index, titled "Trial Term Beginning February 22, 1983," was not understandable, that he had a listed telephone number, and that the court should have contacted his previous counsel of record (*i.e.,* Beggs) in order to get his telephone number.[1] We disagree. It was appellant's decision to proceed *pro se,* even though he had ample time after the mailing of the civil trial list to retain counsel. *See* 42 Pa.C.S.A. § 2501(a) (in civil case, litigant has the right to be heard by himself). We think that the trial index was clear in informing counsel and *pro se* parties that the listed trials would begin on February 22, 1983. However, if appellant was confused by the trial index, he certainly could have contacted the court or prior counsel for clarification, especially when his trial appeared imminent. *Cf. Commonwealth, Dept. of Transportation, Bureau of Traffic Safety v. Lamb,* 12 Pa. Commonwealth Ct. 508, 512, 316 A.2d 148, 150 (1974) (party who appears before the court *in propria persona* is not to be given any particular advantage of his lack of knowledge of the law).[2] Under these circumstances,

---

1. Appellant also claims that he had a second counsel after Beggs and before present appellate counsel, and that this second counsel, after unsuccessfully trying to settle the case, mailed the case file back to appellant with a letter dated two days after the February 22, 1983 trial. It is well-settled that this Court cannot consider information located only in a party's brief. *McAllonis v. Pryor,* 301 Pa.Superior Ct. 473, 475, 448 A.2d 5, 6 (1982). Here, the record indicates that appellant proceeded *pro se* from the time he filed his notice of appeal from the arbitration award until the time he filed his exceptions and post-trial motions. Therefore, it was appellant's responsibility to appear in court on the scheduled trial date.

2. We find *Smith v. Smith,* 427 Pa. 535, 235 A.2d 127 (1967), distinguishable from the instant case. In *Smith,* our Supreme Court held that merely publishing the trial list in the local legal journal was

we believe that appellant received adequate notice of the trial date.

■■■■ Having found that appellant received sufficient notice of the trial date and therefore had no excuse for failing to appear, we must next consider whether the lower court erred in proceeding to trial *ex parte* and without a jury, despite appellant's demand for a jury trial. Pa.R. Civ.P. 218 provides that:

When a case is called for trial, if one party is ready and the other is not ready, without satisfactory excuse being made known to the court, a non-suit may be entered on motion of the defendant, or the plaintiff may proceed to trial, as the case may be. Where the trial proceeds the court may require the prothonotary, or may authorize any attorney of the court, to participate in the drawing of a jury in behalf of the unready party.

*Id.* (adopted September 8, 1938, effective March 20, 1939; amended and effective April 18, 1975). Rule 218 makes no distinction between a defendant who is not ready to proceed with the trial of the action but is present in court, and a defendant who is not present in court when the case is called for trial. In either case, the Rule applies and authorizes the plaintiff to proceed to trial if no satisfactory excuse is presented by the defendant. 1 Goodrich-Amram 2d § 218:6 (1976). "Where a case is regularly on a trial list it has always been the rule that a plaintiff is within his rights in demanding trial, notwithstanding the absence of the defendant." *Meek v. Allen,* 162 Pa.Superior Ct. 495, 497, 58 A.2d 370, 371 (1948), *citing* Pa.R.Civ.P. 218. *Cf. Dublin Sportswear v. Charlett,* 485 Pa. 633, 403 A.2d 568 (1979) (trial court did not abuse its discretion in permitting trial to be conducted without the presence of the defendant, his witnesses if any, and counsel where defendant, through counsel, made no excuse to the court for his nonappearance and ignored the commitment); *Air Products and Chemicals, Inc. v. Johnson,* 296 Pa.Superior Ct. 405, 433, 442 A.2d

insufficient notice to the defendant of her trial date. Here, however, notice of appellant's trial date was sent directly to appellant.

246

1114, 1128 (1982) (right of litigant to be present at the time his case is heard is not absolute). Accordingly, we find that the lower court in the instant case did not abuse its discretion in conducting the trial *ex parte.*

Appellant argues, however, that because he never withdrew his demand for a jury trial, the lower court violated Pa.R.Civ.P. 1007.1(c) in hearing the case nonjury. Rule 1007.1(c) provides that "[a] demand for trial by jury may not be withdrawn without the consent of all parties who have appeared in the action." Pa.R.Civ.P. 1007.1(c) (adopted March 20, 1972, effective October 1, 1972; amended March 28, 1973, effective July 1, 1973; December 16, 1983, effective July 1, 1984). We find that appellant's argument is meritless in light of the Rule's rationale and the caselaw. The rationale for Rule 1007.1(c) has been explained as follows: The nondemanding parties may have also wanted a jury trial but made no timely demand because the demanding party had already done so; therefore, to permit the demanding party to withdraw the demand without the consent of all parties would be highly prejudicial. 1 Goodrich-Amram 2d § 1007.1(c):1 (1976). Thus, the Rule apparently seeks to protect the rights of those parties who did not make the demand for jury trial, namely, appellee (plaintiff), rather than appellant (defendant), in the instant case. Moreover, both our Supreme Court and this Court have held that a jury trial may be waived by conduct. *Downs v. Scott,* 201 Pa.Superior Ct. 278, 280, 191 A.2d 908, 910 (1963). In *Lovering v. Erie Indemnity Co.,* 412 Pa. 551, 195 A.2d 365 (1963), the Supreme Court stated: "If a defendant fails to respond to the notice of a trial he forecloses himself from complaining later that he did not have a jury trial. His failure to appear must be deemed a waiver of his right to demand a jury trial." *Id.,* 412 Pa. at 557, 195 A.2d at 369. Additionally, in *Ondick v. Ondick,* 399 Pa. 432, 160 A.2d 708 (1960), the Court stated:

One of the arguments advanced by Attorney No. 5 is that the court of common pleas was without authority to hear the case non-jury because, under Rule No. 54 of the

Court of Common Pleas of Allegheny County, both parties are required to agree to a non-jury trial. But neither Rule No. 54 *nor any other rule of court* can be used to support the complaint of a party who deliberately stays away from court after having been duly notified to be present. If this argument of the defendants were to be sustained, it would mean that a party litigant could monkey-wrench the machinery of justice through the simple expedient of ignoring all processes under the direction and authority of the courts.

*Id.*, 399 Pa. at 435, 160 A.2d at 710 (emphasis added). This Court cited both *Ondick* and *Lovering* in upholding the plaintiff's proceeding *ex parte* in a nonjury trial in *Murray v. Corrigan*, 224 Pa.Superior Ct. 345, 347, 307 A.2d 359, 360 (1973) (*en banc*).[3] Therefore, in the instant case, we find that the lower court did not abuse its discretion in allowing appellee to elect to proceed nonjury and in conducting the trial in appellant's absence. *Cf. Princess Hotels International v. Hamilton*, 326 Pa.Superior Ct. 226, 230, 473 A.2d 1064, 1066 (1984) ("The matter of calendar control is best

3. Appellant alleges in his Motion for Attorney's Fees that *Ondick* and *Murray* have been superseded by Pa.R.Civ.P. 1007.1. We disagree. *Murray* was decided by this Court in 1973, subsequent to the 1972 adoption of Rule 1007.1 (and the 1938 adoption of Rule 218). *Ondick* involved a rule similar to Rule 1007.1 and was cited with approval in *Murray*. Both cases have never been overruled and are therefore still the law in this Commonwealth. Appellant's other allegations in the Motion do not warrant our granting attorney's fees because the record reveals no "arbitrary, vexatious or ... bad faith" conduct on the part of appellee. *See Brenckle v. Arblaster*, 320 Pa.Superior Ct. 87, 92, 466 A.2d 1075, 1078 (1983). Additionally, we find *Starr v. Unger*, 288 Pa.Superior Ct. 175, 431 A.2d 345 (1981), distinguishable. In that case, this Court held that the trial court erred in proceeding to try the case without a jury, despite the defendant's earlier request for a jury trial, where the court was informed that the defendant's nonappearance at trial was due to her attorney's refusal to carry on the defense. We stated that an attorney may not abandon his or her client at such a critical stage without taking steps to ensure that such a position did not unduly prejudice the client. *Id.*, 288 Pa.Superior Ct. at 178, 431 A.2d at 346. Here, however, because appellant was proceeding *pro se*, appellant's nonappearance at trial was solely attributable to appellant and was not due to the abandonment of counsel.

Appellant's Motion for Attorney's Fees is denied.

left to the tribunal concerned, and an appellate court is loathe to interfere unless justice demands intervention.").

■■■■ Appellant also contends that the lower court erred in failing to (1) give adequate consideration to the jurisdictional issue of whether or not the Gene Hickman Campaign Committee existed, (2) set aside the verdict and allow appellant to testify and cross-examine appellee, and (3) allow appellant time to prepare a Memorandum of Law and pay for the transcript. We find these contentions meritless. Appellant's interpretation of appellee's trial testimony as an admission that the Gene Hickman Campaign Committee never existed or, alternatively, was comprised of only appellee is simply erroneous on the record. Additionally, appellant has not alleged what his testimony and the testimony to be elicited on cross-examination of appellee would be or how it would be favorable or material to appellant's case. *See Spitzer v. Philadelphia Transportation Co.,* 348 Pa. 548, 549–50, 36 A.2d 503, 504 (1944) (alleged error in exclusion of evidence will not be considered unless record shows what such evidence would have been and that such evidence would have been favorable to appellant, material and relevant). Lastly, we are unpersuaded by appellant's argument that, had appellant been given more time to prepare, his case might have been decided by the lower court *en banc,* thereby obviating the need for the instant appeal.[4]

Appellant next contends that the lower court erred in failing to allow post-trial motions to proceed to a court *en banc* in accordance with Pa.R.Civ.P. 1038(d). Contrary to appellant's assertion, this issue was not raised below, by

4. We note that the exceptions and post-trial motions were signed by appellant and that appellant's present counsel never entered an appearance on the record. Therefore, we cannot consider appellant's statements in his appellate brief that present counsel was retained only 24 hours before the deadline for filing post-trial motions and therefore had only 24 hours to prepare the motions and exceptions. *See Siravo v. AAA Trucking Corp.,* 306 Pa.Superior Ct. 217, 218, 452 A.2d 521, 522 (1982) ("statements by counsel in briefs are not themselves evidence and not of record"); *Society Hill Towers Owners Association v. Matthew,* 306 Pa.Superior Ct. 13, 18, 451 A.2d 1366, 1369 (1982) ("court is bound to consider only those facts which are in the record and may not consider those interjected by briefs").

implication or otherwise; therefore, we will not consider it on appeal. *See* Pa.R.A.P. 302(a); *Daset Mining Corp. v. Industrial Fuels Corp.*, 326 Pa.Superior Ct. 14, 23 n. 5, 473 A.2d 584, 588 n. 5 (1984).

Accordingly, having found appellant's contentions to be either meritless or waived, we affirm the order below.

Affirmed.