J-A11040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DIANE CASHAW BING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAMBRIA COUNTY TRANSIT | : | No. 932 WDA 2020 |
| AUTHORITY T/CAMTRAN | : | |

Appeal from the Order Dated August 3, 2020
In the Court of Common Pleas of Cambria County Civil Division at No(s):
No. 2018-2235

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED: JUNE 22, 2021**

Diane Cashaw Bing (Appellant) appeals, *pro se*, from the order entered

in the Cambria County Court of Common Pleas, granting summary judgment

in favor of Cambria County Transit Authority T/CamTran (CamTran), in this

negligence action arising from a motor vehicle accident.  Appellant argues the

trial court erred when it (1) granted her attorney permission to withdraw, and

(2) granted CamTran's motion for summary judgment.  We affirm.

We glean the following facts from Appellant's civil complaint.  On June

17, 2016, at approximately 5:35 a.m., Appellant was driving her Jeep Grand

Cherokee when her vehicle was struck by a bus operated by CamTran.

Appellant's Complaint, 5/16/18, at 2 (unpaginated).  Appellant avers that a

CamTran bus "was in the process of making a right turn onto Napoleon Street

from Franklin Street [in Cambria County], when [the driver's] foot slipped off

the brake, struck the gas pedal causing the bus to lurch forward and collide with [her] vehicle." *Id.* Appellant further avers her vehicle sustained "significant damage to the driver's side doors," and she suffered numerous injuries to her lower back, left knee, and neck. *See id.*

On May 16, 2018, Appellant, represented by Ronald P. Carnevali, Jr., Esquire, filed a negligence action against CamTran.[1] The case proceeded through discovery. On November 21, 2019, Attorney Carnevali filed a motion to withdraw as counsel, asserting "the attorney-client relationship had been irretrievably damaged" and Appellant told him she wanted a new attorney. Attorney Carnevali's Motion to Withdraw Appearance of Counsel, 11/21/19, at 2 (unpaginated).

The court conducted a hearing on November 25, 2019. At that time, Attorney Carnevali explained that he submitted a settlement demand to CamTran in July. N.T., 11/25/19, at 2. CamTran counteroffered and the parties agreed to participate in mediation. *Id.* Although Attorney Carnevali met with Appellant to prepare her for the scheduled mediation, and called her the week before the mediation to confirm, he stated that on the morning of the mediation, Appellant claimed she was not advised of the date and had a doctor's appointment. *See id.* at 2-3. Attorney Carnevali then arranged for her to participate by telephone, but Appellant refused and "in a profanity-

_____

[1] We note that neither the certified record, nor the docket, reveals any answer to Appellant's complaint filed by CamTran.

laced exchange[,] told [him] that she didn't want [him] to be her attorney anymore." *Id.* at 3. He summarized: "[T]here is clearly a divergence . . . as to the value of the claim between her and I . . . and I can't help her if she won't take my advice or cooperate." *Id.* at 3. Appellant responded that Attorney Carnevali "has been a very bad attorney" and agreed he should not be her lawyer anymore. *Id.* at 4. However, Appellant stated she was "not firing him because he wants [her] to pay him money." *Id.* at 5. Following the hearing, the trial court entered an order granting counsel's motion to withdraw. *See* Order, 11/25/19.

There was no further docket activity until March 12, 2020, when CamTran filed a motion for summary judgment asserting Appellant failed to present evidence of "recoverable damages." *See* CamTran's Motion for Summary Judgment, 3/12/20, at 4. CamTran explained that because Appellant had limited tort automobile insurance, she was precluded from collecting noneconomic damages unless she could prove she suffered a "serious injury" as defined in the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §§ 1701-1799.7. *See id.* at 4-5. CamTran further asserted Appellant produced no evidence she sustained a "serious injury,"[2] nor proof of any economic damages such as lost wages or

_____

[2] CamTran attached to its motion a copy of the independent medical evaluation of Appellant performed by Jon A. Levy, M.D. on August 19, 2019. Dr. Levy opined that while Appellant "may have sustained a minor sprain or strain as a result" of the June 2016 motor vehicle accident, she had no "ongoing residual disability or functional impairment[.]" CamTran's Motion for Summary Judgment, Exhibit 3, Independent Medical Evaluation, 8/19/19, at 10.

recoverable medical expenses. *Id.* at 6. Appellant, who was proceeding *pro se*, did not file a response to CamTran's motion.

Argument on the motion for summary judgment was originally scheduled for April 24, 2020, but was continued twice due to the COVID-19 judicial emergency. *See* Amended Order, 4/24/20 (continuing hearing until May 29th); Order, 5/28/20 (continuing hearing until June 26th). At the June 26, 2020, listing, Appellant made an oral request for a continuance, which an *en banc* panel of the trial court granted so that Appellant could "retain counsel."[3] Order, 6/29/20. The hearing was rescheduled for July 31st. However, on July 27, 2020, Appellant, once again, sought a continuance, "due to the fact that [defense counsel was] on maternity leave." Appellant's Letter, 7/27/20. The trial court denied the continuance request on July 28th.

At the July 31, 2020, hearing before an *en banc* panel of the trial court, Appellant appeared *pro se*, and, again, asked the court for a continuance to obtain an attorney. *See* N.T., 7/31/20, at 3-6. Although Appellant claimed she "sent [her] package" to an attorney in Pittsburgh, she later revealed that the attorney told her they could not represent her. *Id.* at 7-8. CamTran argued that Appellant had been "on notice" since November 2019 that she needed to obtain counsel, and at the last listing, the *en banc* court advised her to obtain counsel within 30 days. *Id.* at 6. Upon questioning by the court,

_____

[3] There is no transcript for the June 26th listing in the certified record.

Appellant agreed that her motor vehicle insurance paid her medical bills. *See*

*id.* On August 4, 2020, the trial court entered an order granting CamTran's

motion for summary judgment. Order, 8/4/20. This timely appeal follows.[4]

Appellant raises two questions on appeal:

I. Did [trial] court err[ in] granting [counsel's] withdrawal motion as lawyer for [Appellant]?

II. Did [trial] court err[ in] granting summary judgment for [CamTran] stating there's no material facts remain?

Appellant's Brief at III.

In her first issue, Appellant contends the trial court erred when it

granted Attorney Carnevali's motion to withdraw. Appellant's Brief at 1. She

emphasizes her testimony during the hearing that she did not want to fire her

attorney. *See id.* at 2. Furthermore, Appellant asserts "[t]he mere fact that

---

[4] On September 9, 2020, the trial court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. *See* Order, 9/9/20. Appellant's Rule 1925(b) statement was docketed on October 2, 2020, which appears to be two days late. We note that timely compliance with a Rule 1925(b) order is mandatory, and neither the trial court nor this Court may ignore the untimeliness of a statement. *See Greater Erie Indus. Development Corp. v. Presque Isle Downs*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*). However, the triggering date for the 21-day time period is the date notice of the order was sent to the parties, and is determined by a notation on the docket. *See* Pa.R.C.P. 236(b); *Greater Erie*, 88 A.3d at 226. Here, the trial docket indicates that the Rule 1925(b) order was filed on "9/09/20." *See* Trial Ct. Docket, 9/9/20. That same listing includes the notation "Notice and Copy issued to Plaintiff and Elizabeth Collura, Esq." *Id.* However, it is not explicitly clear what date the notice was **sent** to Appellant. Thus, we decline to find waiver on the basis of an untimely filing.

in one instance [she] has not acceded to the suggestion made by the lawyer does not warrant their withdrawal." ***Id.***

We conclude this issue is waived because Appellant failed to include it in her Rule 1925(b) statement. Rule 1925 requires an appellant to comply when a trial court directs them to file a concise statement of errors complained of on appeal. Pa.R.A.P. 1925(b)(1). Any issues not included in a court-order statement is waived for appeal. Pa.R.A.P. 1925(b)(4)(vii); ***Kelly v. Carman Corp.***, 229 A.3d 634, 649 (Pa. Super. 2020).

Here, Appellant's Rule 1925(b) statement challenged only the trial court's ruling granting summary judgment to CamTran. ***See*** Appellant's Rule 1925(b) filing, 10/2/20.[5] Thus, in its opinion, the trial court did not address its decision permitting counsel to withdraw. Accordingly, the claim is waived on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii); ***Kelly***, 229 A.3d at 649.

Nevertheless, we note that even if Appellant had preserved this claim, we would conclude she is entitled to no relief. Pursuant to Pa.R.C.P. 1012(b), an attorney may seek to withdraw their appearance with leave of court. "Ordinarily the question of whether an attorney should be permitted to

---

[5] Appellant's Rule 1925(b) statement reads as follows:

> [Appellant] states, that the Court err[ed], granting Summary Judgment to [CamTran], violating Rules of Civil Procedure, Rule 1035.2 subsection (1) and (2), and not ruling on the bases [sic] of the original Pleading, "Negligent".

Appellant's Rule 1925(b) filing.

- 6 -

withdraw his appearance is within the discretion of the trial court and the decision of the trial court will be reversed only when plain error is committed." ***Phoenix Mut. Life Ins. Co. v. Radcliffe on the Delaware, Inc.***, 266 A.2d 698, 700 (Pa. 1970) (citations omitted).

Here, counsel filed a motion to withdraw after his relationship with Appellant was "irretrievably damaged" and she informed him she "wished to hire a new attorney." ***See*** Attorney Carnevali's Motion to Withdraw Appearance of Counsel at 2. During the hearing on the motion, Appellant told the court that Attorney Carnevali had been "a very bad attorney" and agreed that he should not be her lawyer. N.T., 11/25/19, at 4. Although Appellant also stated she was "not going to fire him," she explained this was because "he wants [her] to pay him money." ***Id.*** at 5. Appellant had eight months to obtain counsel, from the time Attorney Carnevali was permitted to withdraw until the hearing on CamTran's motion for summary judgment, but she failed to do so. Thus, even if the issue were preserved, we would detect no error or abuse of discretion on the part of the trial court in granting counsel's petition to withdraw.

Next, Appellant challenges the trial court's order granting summary judgment for CamTran. She argues that, in the pleadings, the driver of CamTran's bus admitted "his foot slip[ped] off the pedal," which caused the accident. Appellant's Brief at 4. Appellant maintains this "would be a material fact for the fact finders." ***Id.***

A trial court may grant summary judgment in two circumstances:

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. No. 1035.2(1)-(2).  Accordingly:

[O]ur responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder.  If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Babb v. Ctr. Cmty. Hosp.*, 47 A.3d 1214, 1223 (Pa. Super. 2012).

Here, Appellant filed a negligence actions against CamTran based on the June 17, 2016, motor vehicle accident.

To establish a cause of action in negligence, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered **an actual loss or damage**.

*Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998) (emphasis added).

The *en banc* court found CamTran was entitled to summary judgment because Appellant failed to produce any evidence of recoverable damages. *See* Trial Ct. Op. at 1-4; CamTran's Motion for Summary Judgment at 4-6. Upon our review, we detect no basis to disagree.

Preliminarily, we note that when a party files a motion for summary judgment, the adverse party is required to file a response within 30 days,

identifying either issues of material fact in the record "controverting the evidence cited in support of that motion" or "evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." Pa.R.C.P. 1035.3(a)(1)-(2). Further, the rule explicitly permits the trial court to enter summary judgment "against a party who does not respond." Pa.R.C.P. 1035.3(d). Here, Appellant never filed a response to CamTran's motion for summary judgment. On that basis alone, we could affirm. **See id.**

Nevertheless, even if we consider the underlying basis for the *en banc* panel's ruling, we conclude Appellant is entitled to no relief. Because Appellant elected the limited tort option for her automobile insurance, she was ineligible to recover noneconomic damages (pain and suffering) unless she could prove she sustained a "serious injury" under the MVFRL. **See** 75 Pa.C.S. §§ 1705(d) ("Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss[.]"). The MVFRL defines a "serious injury" as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. § 1702. As the *en banc* court observed, "[t]he only form of medical opinion produced by [Appellant] is that of Dr. Levy, which clearly indicates that [Appellant] did not suffer any form of 'serious' injury." Trial Ct. Op., 10/6/20, at 2. Thus, we agree Appellant failed to produce any evidence of recoverable noneconomic damages.

Appellant also failed to produce evidence of economic damages, such as wage loss or recoverable medical expenses, not covered by insurance. In its motion for summary judgment, CamTran averred that Appellant "sustained no lost wages[ or] recoverable medical expenses[.]" CamTran's Motion for Summary Judgment, at 6. Appellant produced no evidence to the contrary at the July 2020, hearing, nor does she challenge this claim in her brief. Rather, Appellant's argument focuses on what she characterizes as a "judicial admission" that CamTran's driver admitted his negligence caused the accident. Assuming, *arguendo*, that CamTran's driver was responsible for the accident, Appellant may only recover if she can demonstrate she suffered recoverable damages. ***See Martin***, 711 A.2d at 461. This she has failed to do.

Accordingly, we conclude Appellant is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/22/2021

- 10 -