**Michael GIANNI and Lisa Gianni, Appellants**

v.

**WILLIAM G. PHILLIPS, INC., and Barry Katz, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 9, 2007.

Filed Sept. 12, 2007.

Manuel A. Spigler, Trevose, for appellants.

Jacqueline S. Ware, Philadelphia, for appellees.

BEFORE: STEVENS, McCAFFERY, and KELLY, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellants, Michael and Lisa Gianni, appeal from the judgment in favor of Appellee, William G. Phillips, Inc.,[1] in a negligence action arising out of an injury sustained by Appellant, Michael Gianni. Specifically, Appellants ask us to determine whether the trial court erred by denying their motion for trial by a jury of twelve persons and proceeding with a jury of only eight persons where a timely request for a jury of twelve had been made by Appellee. After careful review, we reverse and remand.

¶ 2 The relevant facts and procedural history underlying this matter are as follows. On April 23, 2002, Appellant Michael Gianni sustained physical injury as a result of a fall at a residential construction site. Appellants brought an action for negligence against Appellee, the contractor at the site, and against Barry Katz, the property owner. In their complaint, Appellants designated the action as a major non-jury matter. Subsequently, Appellee

---

1. Barry Katz was dismissed by stipulation of the parties on March 7, 2005, and our use of the term "Appellee" refers only to William G. Phillips, Inc.

filed a praecipe to perfect a jury demand and demanded a trial by a jury of twelve persons. On May 2, 2005, at a pre-trial conference, the Honorable Arnold New asked that the parties agree to proceed with a jury trial of only eight persons. While Appellee agreed to the reduction in the number of jurors to eight, Appellants objected to the reduction. Judge New ordered that the matter proceed with a jury of eight. Prior to the commencement of trial, Appellants renewed their request for a jury trial of twelve persons. The Honorable Annette Rizzo denied this request on the basis of the rule of coordinate jurisdiction, and the case proceeded to trial with an eight-member jury. On June 15, 2005, the jury rendered a verdict in favor of Appellee. After the denial of their post-trial motion for a new trial, Appellants timely appealed and now raise the following two issues for our review:

1. Did the trial court err in denying [Appellants] the constitutional right to a trial by a jury of twelve (12) where demand for a jury trial of twelve (12) was perfected by the opposing parties?

2. Did the trial court err in denying [Appellants'] requested adverse inference instruction for the failure of William G. Phillips to testify in the defense's case[-]in[-]chief?

(Appellants' Brief at 3).

¶ 3 In their first issue, Appellants argue that the trial court committed an error of law in allowing the case to be tried before a jury of eight in light of Appellants' objection thereto. Specifically, they contend that because a timely demand for a jury of twelve was made by Appellee, the case could not properly proceed to trial with a

jury of only eight without Appellants' consent. We agree.

¶ 4 When assessing the trial court's denial of a motion for new trial, we apply a deferential standard of review. *McCandless v. Edwards*, 908 A.2d 900, 903 (Pa.Super.2006), *appeal denied*, 592 Pa. 768, 923 A.2d 1174 (2007). The decision whether to grant or deny a new trial is one that lies within the discretion of the trial court, and that decision is not subject to being overturned on appeal unless the trial court grossly abused its discretion or committed an error of law that controlled the outcome of the case. *Id.*

¶ 5 A party who properly demands a twelve-person jury is entitled to a verdict from a jury of twelve persons, pursuant to Article I, Section 6 of the Pennsylvania Constitution. *Blum v. Merrell Dow Pharmaceuticals, Inc.*, 534 Pa. 97, 99, 626 A.2d 537, 538 (1993).[2] However, a litigant may waive the right to a twelve-person jury trial. *Ottavio v. Fibreboard Corp.*, 421 Pa.Super. 284, 617 A.2d 1296, 1299 (1992). When the right to trial by jury has been waived, "a litigant is entitled to a trial that comports with the rules of procedure according to which he [or she] has agreed to be tried." *Id.* The right to a jury trial is deemed waived unless a party files and serves a written demand for a jury trial, by endorsement on a pleading or by a separate writing, not later than twenty days after service of the last permissible pleading. Pa.R.C.P. 1007.1(a). Further, once a demand for trial by jury is made, it may not be withdrawn without the consent of all parties who have appeared in the action. Pa.R.C.P. 1007.1(c).[3]

---

**2.** In Pennsylvania, "trial by jury" means a jury of twelve persons. *Id.* at 120–21, 626 A.2d at 549.

**3.** The Rule "apparently" seeks to protect the rights of those parties who did not make the demand for a jury trial. *McFarlane v. Hick-*

¶ 6 In the case *sub judice*, Appellants designated the case as one to be tried non-jury. However, Appellee subsequently demanded a trial by a jury of twelve. Pursuant to Pa.R.C.P. 1007.1(c), Appellee's demand for a jury trial could not be withdrawn without Appellants' consent, and Appellants did not consent to trial by a jury of eight. Therefore, we determine that it was error for the trial court to proceed to trial with a jury with less than twelve members.

¶ 7 The trial court opined that Pa.R.C.P. 1007.1(c) does not address the issue of a reduction in the number of jurors, as opposed to going forward with a non-jury trial, without the consent of all parties. (Trial Court Opinion, dated June 22, 2006, at 8). However, the trial court failed to appreciate the legal principle central to the holding of *Blum*, *i.e.*, that a trial by jury necessarily consists of a jury of no fewer than twelve members. Applying this principle to the interpretation of Rule 1007.1(c), we conclude that it was legal error to allow the case to be tried by a jury of eight members without the consent of Appellants. Accordingly, we hold that the trial court should have granted Appellants' motion for a new trial, and we reverse and remand.[4]

¶ 8 Judgment reversed. Case remanded for proceedings not inconsistent with this Opinion. Jurisdiction relinquished.

*man,* 342 Pa.Super. 240, 492 A.2d 740, 743 (1985).

4. Given our disposition of Appellants' first issue, we do not reach their second issue.