J-A04025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STEVEN AND NANCY O'KANE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGELA MUNSTER | : | |
| | : | |
| Appellant | : | No. 985 MDA 2024 |

Appeal from the Judgment Entered June 17, 2024
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
201812170

BEFORE:  LAZARUS, P.J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                           **FILED JULY 15, 2025**

Appellant Angela Munster appeals from the judgment entered in favor of Appellees Steven O'Kane and Nancy O'Kane in the underlying landlord/tenant dispute.  Appellant argues that the trial court erred in treating this matter as a landlord/tenant action because Appellant denies entering into a landlord/tenant relationship with Appellees.  Alternatively, Appellant contends that even if there was a landlord/tenant relationship, the trial court erred by entering judgment in favor of Appellees for back rent.  We affirm.

The trial court set forth the following findings of fact:

During the non-jury trial, the [trial] court received testimony from each of [Appellees] and from [Appellant].  The following facts have been found by the [trial] court based upon any admissions of record, that testimony that has been deemed credible, and upon careful consideration of both the documentary evidence moved into the record by the respective parties—6 exhibits by [Appellees]

and 3 by [Appellant][1] and the documentary evidence of record of which the [trial] court takes judicial notice—namely those exhibits attached to the various pretrial filings of the parties.

Mrs. and Mr. O'Kane are, respectively, the mother and stepfather of [Appellant]. In April of 2006, [Appellees] purchased certain real property, being a pair of lots located at 109 and Rear 109 Washington Street in the Borough of Edwardsville, Luzerne County, Pennsylvania (referred to hereinafter respectively as "109 Washington" and "Rear 109 Washington" and collectively as the "Washington Properties"). [Appellees] financed this purchase through a mortgage and engaged in certain repairs to the Washington Properties and refurbished the same with some assistance provided by [Appellant]. Rear 109 Washington was rented by [Appellees] to a sequence of varying tenants during the time of their ownership thereof until Rear 109 Washington was sold in 2019. At some time in 2006 subsequent to [Appellees'] purchase of the Washington Properties, [Appellees] and [Appellant] entered into a lease agreement whereby [Appellant] occupied 109 Washington. In early 2007, [Appellant] began paying rent to [Appellees] in the amount of approximately $300 per month.

On June 1, 2009, Mrs. O'Kane sent a letter to [Appellant] notifying her that [Appellees] were relieving [Appellant] of her obligation to pay rent due to [Appellant's] financial hardship. On August 3, 2012, [Appellees], through counsel, notified [Appellant] that they were reinstating an obligation to pay rent in the amount of $300 per month subsequent to August 31, 2012. [Appellant] thereafter resumed making rental payments to [Appellees] until February of 2015, at which time, [Appellees] served [Appellant] with a notice

---

[1] *See* R.R. at 90a-112a. We may cite to the reproduced record for the parties' convenience. Further, we note that the trial exhibits are not included as part of the certified record. Rather, they are included in Appellant's reproduced record. Appellees have not objected to the accuracy of these exhibits and have cited to them in their brief. Because "their veracity is not in dispute, we rely on the copy contained within the reproduced record." *See C.L. v. M.P.*, 255 A.3d 514, 518 n.3 (Pa. Super. 2021) (*en banc*) (citation omitted). We remind counsel that "it is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Conner v. DaimlerChrysler Corp.*, 820 A.2d 1266, 1273 (Pa. Super. 2003) (citations omitted and formatting altered).

to quit. [Appellees] took no action in furtherance of prosecuting an eviction premised upon the service of the February, 2015, notice to quit. [Appellant] thereafter continued to occupy 109 Washington without making payments of rent to [Appellees] until August 24, 2018, at which time [Appellees], through counsel, again served [Appellant] with a notice to quit. [Appellant] did not vacate 109 Washington and on October 9, 2018, [Appellees] commenced eviction proceedings before the magisterial district court. After [a] hearing on October 17, 2018, the magisterial district court entered judgment for [Appellees] and awarded possession of the property.

On October 25, 2018, [Appellant] filed an appeal from the judgment of the magisterial district court and on November 6, 2018, [Appellees] filed their complaint. [Appellant] has paid rent into escrow at the prothonotary on a monthly basis since the filing of her appeal and retains possession of 109 Washington.

On September 16, 2022, [Appellant] filed a praecipe to index the instant action as *lis pendens* and on that date the prothonotary entered a *lis pendens* on the instant docket attached to the real property at 109 Washington. On September 28, 2022, [Appellees] filed a motion to strike the *lis pendens*. With respect to the *lis pendens*, Mr. O'Kane testified that [Appellees] had intended to sell 109 Washington to a prospective buyer in August of 2022. [Appellees] and the prospective buyer went so far as to execute an agreement of sale, but Mr. O'Kane testified that [Appellees] were unable to bring the transfer to fruition due to the buyer's discovery of the *lis pendens* filed hereto. Mr. O'Kane testified further that [Appellees] had received no notice of the filing of the *lis pendens* and were unaware of its existence until it was brought to their attention by the buyer.

Trial Ct. Op., 9/1/23, at 2-4 (citations and footnotes omitted).

The trial court held a non-jury trial on August 23, 2023, and the trial court held the verdict under advisement. On September 1, 2023,[2] the trial

_____

[2] The trial court's opinion is dated August 31, 2023, but copies were served on the parties on September 1, 2023. **See** Pa.R.A.P. 108(a)(1) (providing

*(Footnote Continued Next Page)*

- 3 -

court entered an opinion finding in favor of Appellees.

Appellant filed a timely post-trial motion seeking judgment notwithstanding the verdict (JNOV), or in the alternative, a new trial, which the trial court denied. On June 17, 2024, Appellees filed a *praecipe* to enter judgment on the trial court's September 1, 2023 verdict. Appellant then filed a timely notice of appeal.[3]

The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b) and Appellant did not file a Rule 1925(b) statement.[4] In lieu of a Rule 1925(a) opinion, the trial court issued a statement adopting the reasoning set forth in its September 1, 2023 opinion. **See** Trial Ct. Statement, 6/27/24.

Appellant raises the following issues on appeal:

1. Whether the trial court erred in determining that the magisterial district court had subject matter jurisdiction where [] Appellee[s] filed a landlord/tenant action but there was no lease, where the Appellant consistently has disputed the existence of a landlord/tenant relationship and where the

---

that the date of entry of an order is the day the clerk of court mails or delivers copies of the order to the parties); **see also** Pa.R.Civ.P. 236.

[3] Appellant previously filed a *pro se* notice of appeal on October 23, 2023, which this which this Court quashed as premature on February 2, 2024. **See O'Kane v. Munster**, 1486 MDA 2023 (*per curiam* order).

[4] "[I]n determining whether an appellant has waived issues based on noncompliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation" to file a Rule 1925(b) statement. **In re Estate of Boyle**, 77 A.3d 674, 676 (Pa. Super. 2013) (citation omitted). Therefore, "absent an order by the trial court, an appellant has no obligation to file a Rule 1925(b) statement." **Berg v. Nationwide Mut. Ins. Co., Inc.**, 6 A.3d 1002, 1008 n.11 (Pa. 2010) (plurality).

Appellant consistently has disputed the rightful ownership of the property?

2. Whether the trial court erred in determining that Appellant would have been unsuccessful even if the action sounded in ejectment rather than eviction where an action in ejectment would have to have been brought in common pleas court, would have required different proofs and permitted different defenses than an eviction action, and most importantly would have provided Appellant with the right to trial by jury rather than a bench trial?

3. Whether, if it is determined that this action was properly brought as a landlord/tenant action before the magisterial district court, the trial court erred in entering judgment for rent in arrears for approximately three years leading up to the date of the filing of the landlord/tenant action where [] Appellee[s] stated in writing that Appellant would owe ZERO for living at the property until her children were adults and where one of the children was under the age of eighteen when Appellee[s] filed the landlord/tenant action?

Appellant's Brief at 7.[5]

**Form of the Action**

We address Appellant's first two issues together because the issues are interrelated. First, Appellant argues that the magisterial district court did not have jurisdiction to hear this matter as a landlord/tenant action because Appellant did not have a lease with Appellees, and therefore, Appellees and Appellant did not have a landlord/tenant relationship. *Id.* at 13. Instead,

---

[5] Appellant also argues that the notice to quit that Appellees served on her was defective. *See* Appellant's Brief at 17-18. This issue was not included in Appellant's statement of questions involved; therefore, it is waived. *See Koller Concrete, Inc. v. Tube City IMS, LLC*, 115 A.3d 312, 320 n.9 (Pa. Super. 2015); *see also* Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

Appellant asserts that Appellees agreed to purchase the Washington Properties with the intent of subsequently transferring the properties to Appellant. *Id.* at 13, 15. Appellant contends that where the parties do not have a landlord/tenant relationship, the owner of real property cannot evict the occupant pursuant to the Landlord and Tenant Act of 1951.[6] *Id.* at 14-15 (citing **Assouline v. Reynolds**, 219 A.3d 1131 (Pa. 2019)).

Next, Appellant argues that the trial court erred by concluding that although eviction and ejectment are distinct actions, the outcome of the trial would have been the same if Appellees proceeded with an ejectment action instead of an eviction action. *Id.* at 18-20. Appellant contends that Appellees would not be entitled to recover back rent in an ejectment action. *Id.* at 19. Lastly, Appellant claims that Appellees failed to plead sufficient averments in their complaint to support an ejectment action.[7] *Id.* at 20.

This Court has explained:

Our appellate role in cases arising from non[-]jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the

---

[6] 68 P.S. §§ 250.101 to 250.603.

[7] Appellant also argues that if this matter had been treated as an ejectment action, she would have been entitled to a jury trial. Appellant's Brief at 19. However, Appellant failed to file and serve a written demand for a jury trial either in her answer or by a separate writing. **Compare** Appellant's Answer, 4/5/19, at 1-3 (unpaginated) **with** Pa.R.Civ.P. 1007.1(a). Therefore, this issue is waived. **See Gianni v. William G. Phillips, Inc.**, 933 A.2d 114, 116 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

verdict of the jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue . . . concerns a question of law, our scope of review is plenary.

The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

[Moreover, t]he trial court, as the finder of fact, is free to believe all, part or none of the evidence presented. Issues of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determination or substitute our judgment for that of the fact finder.

*Davis v. Borough of Montrose*, 194 A.3d 597, 605 (Pa. Super. 2018) (citation omitted).

Additionally, "[w]hether a court has subject matter jurisdiction presents a question of law, for which our standard of review is *de novo* and the scope of our review plenary." *Liberty Mut. Grp., Inc. v. 700 Pharmacy, LLC*, 270 A.3d 537, 544 (Pa. Super. 2022) (citation omitted).

Magisterial district judges (MDJs) have jurisdiction to hear "[m]atters arising under . . . The Landlord and Tenant Act of 1951, which are stated therein to be within the jurisdiction of a magisterial district judge." 42 Pa.C.S. § 1515(a)(2); *see also Assouline*, 219 A.3d at 1138 (stating that "the jurisdictional grant in 42 Pa.C.S. § 1515(a)(2) over '[m]atters arising under' the [Landlord and Tenant] Act confines MDJs to matters arising between landlords and tenants" (footnote omitted)).

This Court has explained:

A lease embraces any agreement, whether express or implied, which gives rise to the relationship of landlord and tenant. When . . . the facts are not in dispute[,] the existence of the landlord and tenant relation is a question of law for the court. A tenant is one who occupies the premises of another in subordination to the other's title and with his assent, express or implied. The agreement may be in writing or parol and the reservation of rent is not essential to the creation of the landlord and tenant relation.

**Mirizio v. Joseph**, 4 A.3d 1073, 1089 (Pa. Super. 2010) (citation omitted).

Additionally, this Court has stated that

the payment of rent is not in all cases essential to the creation of a landlord-tenant relationship. The courts have in certain cases concluded that a lease existed despite the lack of rent paid, but in such cases, there was evidence of some form of rent substitute, *i.e.,* an alternative benefit or return to the landlord, offered and accepted as consideration.

**Jones v. Levin**, 940 A.2d 451, 455 (Pa. Super. 2007) (citations omitted and some formatting altered).

In **Assouline**, the defendants' real property was sold to the plaintiff at a sheriff's sale as a result of unpaid real estate taxes. **Assouline**, 219 A.3d at 1134. The plaintiff then filed a landlord-tenant action against the defendants in magisterial district court seeking both $12,000 in unpaid "rent" and possession of the property. **Id.** The magisterial district court entered judgment in favor of the plaintiff. **Id.** On appeal, our Supreme Court concluded that the magisterial district court did not have jurisdiction over the matter because "it is undisputed that the parties did not have a landlord-tenant relationship. The [defendants] were the prior owners of the property

- 8 -

in question, and [the plaintiff] purchased the property at a tax sale." *Id.* at 1138. The *Assouline* Court further observed that "essential elements of a landlord-tenant relationship – that the landlord consents to the tenant's possession, that the landlord subordinates his title to that of the tenant, and that the tenant's exclusive possession and control of the property is pursuant to an express or implied contract – are utterly absent herein." *Id.* at 1138-39; *see also id.* at 1134 (explaining that the plaintiff admitted to the defendant's averments that there was no lease agreement between the parties and that he was not a landlord).

Here, the trial court explained:

We find the testimony offered by both Mr. O'Kane and Mrs. O'Kane to be credible. With this credibility determination in mind, we conclude as a matter of law that—as to our having heard *de novo* a magisterial action for the recovery of possession of real property—a landlord and tenant relationship existed between [Appellees] and [Appellant]. [Appellant] has posited that the relationship between [Appellees] and [Appellant] was that of transferor and transferee under an agreement for the sale of real property. The evidence of record belies this position. [Appellees] each testified that [Appellant's] occupancy of 109 Washington commenced with the understanding that [Appellant] was to be a tenant. The documentary evidence of record bolsters the testimony of [Appellees].

We herein take judicial notice of a set of municipal forms dated April 25, 2013, and submitted to the record by [Appellant] as exhibits to her pre-trial statement [and admitted at trial as Exhibit P-6. *See* Appellant's Pre-Trial Statement, 4/25/22, Ex. CC; *see also* R.R. at 99a-101a]. These municipal forms include: (1) "Landlord License Application," wherein Steven and Nancy O'Kane made application to the municipality for registration of a rental property at 109 Washington; (2) "Borough of Edwardsville Tenant Registration" form setting forth Angela Munster as the registered tenant of landlords Steven and Nancy O'Kane at 109 Washington—

bearing a signature purporting to be that of [Appellant]; and (3) "Tenant's Covenants and Obligations," bearing signatures purporting to be those of the respective [Appellees] and of [Appellant]—therein the municipality referenced certain local ordinance provisions related to their governance of properties within its jurisdiction subject to residential lease. [Appellant's Pre-Trial Statement, 4/25/22, Ex. CC.] The tenant registration form is notable, too, in that preceding the appearance in print and signature of "Angela Munster," it reads, "<u>TENANT SIGNATURE: (ALL TENANTS AGE 18 AND OLDER ARE REQUIRED TO SIGN THIS FORM AND PROVIDE IDENTIFICATION)</u>". [R.R. at 99a.] We have no reason to doubt the authenticity of these documents purporting to memorialize the administration of municipal ordinances applicable to the property at 109 Washington. We further have no reason to doubt the authenticity, accuracy, or relevance of these documents where they were offered into the record by [Appellant] herself in apparent contravention of her own argument.

In furtherance of her argument that she was not a tenant of [Appellees], [Appellant] has posited that the June 1, 2009, letter—whereby [Appellees] relieved [Appellant] of her obligation to pay rent in exchange for the right to occupy 109 Washington—evidences the non-existence of a landlord and tenant relationship between the parties. The pertinent portion of the letter reads, "We will NOT be evicting you and/or selling the homes. The[] . . . are going to be your children's inheritance. Due to the fact that the . . . []ill not be charging you rent. Your rent will be ZERO until your children become a[] . . . []d perhaps feel otherwise."[fn16] The validity of [Appellant's] argument regarding the June 2009 letter, however, is undermined in the face of longstanding principles of Pennsylvania jurisprudence[. ***See Mirizio***, 4 A.3d at 1089.]

> [fn16] [R.R. at 105a.] We note that Mrs. O'Kane admitted in testimony to authoring this type-written letter. Further, inspection of the document of which we have taken judicial notice reveals that portions of the relevant paragraph have been obscured and are illegible. Appellant testified that the copy of record appears as it does because the integrity of the original was compromised by water damage while in her possession.

* * *

- 10 -

> The evidence of record decisively allows us to conclude, based on our findings of fact and credibility determinations, that a landlord and tenant relationship existed and exists between [Appellees] as landlord and [Appellant] as tenant with respect to [Appellant's] occupancy of the real property owned by [Appellees] at 109 Washington.

Trial Ct. Op., 9/1/23, at 5-7 (some citations and footnotes omitted).

Based on our review of the record, we discern no error in the trial court's conclusion that Appellees and Appellant had a landlord-tenant relationship. *See Davis*, 194 A.3d at 605. Specifically, the trial court credited Appellees' testimony and the documentary evidence establishing that Appellant was the tenant of Appellees. *See* Trial Ct. Op., 9/1/23, at 5, 7. Those credibility determinations are binding on this Court. *See Davis*, 194 A.3d at 605.

Further, we agree with the trial court that the evidence established that Appellant was a tenant because she occupied 109 Washington with Appellees' assent and in subordination to Appellees' title. *See Mirizio*, 4 A.3d at 1089. The June 1, 2009 letter from Appellee Nancy O'Kane to Appellant stated that Appellant would owe zero dollars in rent also supports the existence of a landlord-tenant relationship. *See Jones*, 940 A.2d at 455 (explaining that the payment of rent is not essential to the creation of a landlord-tenant relationship).

Additionally, the factual and procedural history of this case are distinguishable from *Assouline*, where it was undisputed that (1) the plaintiff and the defendants did not have a lease agreement, and (2) the plaintiff was not a landlord. *See Assouline*, 219 A.3d at 1134. Here, the trial court found

Appellees' testimony that they had a landlord-tenant relationship with Appellant credible. Accordingly, the magisterial district court had jurisdiction to hear Appellees' landlord-tenant complaint. **See** 42 Pa.C.S. § 1515(a)(2); **see also Assouline**, 219 A.3d at 1138. Because we conclude that this matter was properly commenced as a landlord-tenant action, we need not consider the trial court's alternative conclusion that Appellees were entitled to recover possession of 109 Washington under a theory of ejectment. Therefore, Appellant is not entitled to relief on her claims.

## Award of Back Rent

In her final claim, Appellant argues that the trial court erred by awarding $13,200 in back rent to Appellees because, according to the June 1, 2009 letter, Appellant would not have to pay any rent until her children became adults. Appellant's Brief at 21-22. Appellant contends that because her youngest child had not reached the age of eighteen at the time Appellees filed their complaint in magisterial district court, the trial court could not have imposed any back rent. **Id.**

"It is well-established that contract law governs lease agreements." **Davis**, 194 A.3d at 608 (citation omitted). The defendant has the burden to prove a defense that there had been a release of the defendant's liabilities under a lease. **See Fedun v. Mike's Cafe, Inc.**, 204 A.2d 776, 780 (Pa. Super. 1964).

Here, both Appellees testified that they had a lease with Appellant for 109 Washington and one of the terms of the lease was that Appellant would

pay $300 per month in rent. *See* N.T. Trial, 8/23/23, at 10-11, 32, 43, 50. Additionally, Appellees testified that they excused Appellant from paying rent in 2009 while Appellant was suffering financial hardship, but Appellant eventually resumed paying rent. *See id.* at 11, 45-46. As stated above, the trial court found Appellees' testimony credible. *See* Trial Ct. Op., 9/1/23, at 5, 7. Further the trial court further found that "portions of the relevant paragraph [of the June 1, 2009 letter] have been obscured and are illegible." *Id.* at 6 n.16.

> Additionally, the trial court explained:
>
> We conclude further that: (1) [Appellant] retains and refuses to give up possession of the real property known as 109 Washington; (2) the amount of periodic rent due to [Appellees] for [Appellant's] lease of 109 Washington is $300 per month; (3) rent reserved and due to [Appellees]—for 44 months, being each month from and including February of 2015 through and including September of 2018—has upon demand, remained unsatisfied; and (4) the amount of rent that remains due and unpaid as of the date of our hearing *de novo* is $13,200.00.

*Id.* at 8.

Based on our review of the record, we discern no error in the trial court's conclusion that Appellant owed Appellees back rent for a period of 44 months and the amount of monthly rent was $300. *See Davis*, 194 A.3d at 605. As previously stated, the trial court's credibility determinations are binding on this Court. *See id.* Further, the trial court found that the portion of the June 1, 2009 letter that Appellant claims relieved her of any obligation to pay rent until her all of children had reached the age of eighteen is illegible because of

water damage to the original. **See** Trial Ct. Op., 9/1/23, at 6 n.16. In light of the trial court's factual findings, it is clear that Appellant failed to meet her burden to prove that the June 1, 2009 letter was a release of her obligation to pay rent between February of 2015 and September of 2018. **See Fedun**, 204 A.2d at 780. For these reasons, Appellant is not entitled to relief on this claim. Accordingly, we affirm the judgment in favor of Appellees.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/15/2025